## Landreth *v.* McCaffrey (No. 1).

*Taxation—Personal liability for taxes—Mortgagee—Trustee.*

A person who is the recorded and also the registered owner of unfinished houses by a deed absolute on its face, although in fact a mere trustee for owners, is liable to a mortgagee for the amount of taxes which the latter had been compelled to pay, where it appears that such person while in possession received enough rents to pay the taxes, but neglected to do so, and applied the rents which he received to finishing the houses.

Argued Dec. 13, 1900. Appeal, No. 190, Oct. T., 1900, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 171, on verdict for plaintiff in case of Annie B. Landreth v. Henry S. McCaffrey. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover taxes paid by mortgagee.

At the trial the jury returned a verdict in favor of the plaintiff for $1,043.29, on which judgment was entered.

On a rule for a new trial ARNOLD, P. J., filed the following opinion:

That the owner of real estate, in the city of Philadelphia, is personally liable for taxes assessed against the same, is apparent from the several acts relating thereto; that is, the Acts of April 16, 1845, P. L. 496, secs. 4, 5, March 11, 1846, P. L. 114,

sec. 2, and April 12, 1859, P. L. 543, sec. 1; and he is liable whether the tax be assessed in his name or the name of another person: Act of February 2, 1854, P. L. 30, sec. 11; Caldwell v. Moore, 11 Pa. 58; King v. Mt. Vernon Building Association, 106 Pa. 165. These and other statutes also authorize the filing of claims for taxes against real estate and process for collecting the same by an action in rem. The proceeding against the owner in person, is by a summons in assumpsit (formerly debt), while the proceeding in rem against the real estate, is by filing a claim in court and issuing a writ of scire facias thereon, as in the case of actions on mechanics' claims. The owner, as before said, is personally liable, but the representative of the owner is not; hence an executor is not personally liable for taxes: Jackson v. Sassaman, 29 Pa. 106. Real estate of persons deceased may be assessed in the name of the decedent, or his administrator, or executor, or heirs generally (Act of April 22, 1846, P. L. 491, sec. 23); and where there are several owners, recovery shall be had under the same writ against each for his ratable proportion of the taxes, and, if any owner shall have been omitted, he may be brought in by rule to show cause: Act of March 11, 1846, P. L. 114, sec. 2. Payment of taxes may be enforced also by distress of the goods and chattels of the delinquent or his tenant, during the occupancy of the land by the tenant, and, in case goods and chattels, sufficient to satisfy the taxes and costs cannot be found, the body of the delinquent may be taken and conveyed to jail to remain until the taxes and costs shall be paid, or he shall be otherwise discharged by law: Acts of April 15, 1834, P. L. 514, 518, secs. 21, 46, and April 19, 1883, P. L. 10, sec 3; Smeich v. County of York, 68 Pa. 439; Wright v. Wigton, 84 Pa. 163. This harsh method is also resorted to for the purpose of compelling payment of taxes on personal estate: Palmer v. McMahon, 133 U. S. 660.

So much for the liability of the owner and the exemption of the representative of the owner. But what shall we say in a case like the present, where the defendant is the recorded and also the registered owner of real estate by a deed absolute on its face, and he shows that he was a mere trustee for the owners, or the assignee for the benefit of their creditors?

The owners of a number of unfinished houses had the title placed in the defendant by a deed dated September 22, 1896,

which was absolute on its face, and was duly registered in the registry bureau and recorded in the office of the recorder of deeds. The defendant executed a declaration of trust on September 29, 1896, by which he declared that he held the property in trust to complete the houses and pay all claims against them, sell them, and divide the proceeds amongst the owners. This declaration of trust was not recorded until September 9, 1897. On October 29, 1896, the defendant executed another paper, declaring that he would sell the property and pay the net proceeds to certain creditors, naming them. This declaration was not recorded. The plaintiff, who held second mortgages on each of the houses, foreclosed and bought the properties at sheriff's sale for $50.00 each. She then paid the taxes on all the houses for the years 1897 and 1898, and brought this suit against the defendant for reimbursement. The jury was instructed that the plaintiff was not personally liable for taxes assessed for the year 1898, which was after the recording of the declaration of trust, but that he was liable for the taxes of 1897, unless the plaintiff had knowledge during 1896 that the defendant was a mere trustee. The jury found for the plaintiff, thus holding the defendant liable for the taxes of 1897.

In the case of Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255, the Supreme Court decided that a party who held land by a deed absolute and duly registered, became liable for the taxes thereafter assessed thereon, and liable to damages sustained by a mortgagee by reason of their nonpayment, although the registered owner held the land only as security for a debt due by the actual owner. The opinion of the court of common pleas in the same case, was that a mortgagee in possession is liable for the taxes assessed during the time he held title and possession. It, therefore, appears that the fact that the registered owner is not the actual owner made no difference in the case, but it must not be overlooked that a mortgagee in possession has an interest in the property mortgaged. But how about a mere dry trustee, although a secret owner, when he has no interest in the property? Such a trustee is not personally responsible for a mortgage on the property: Girard Life Insurance & Trust Company v. Stewart, 86 Pa. 89.

In the present case the defendant received about $7,500 in rents from the mortgaged houses and other properties of his

grantor, but he testifies that he paid the whole amount and about $5,000 more in completing the houses. Under those circumstances, the taxes being a first lien, and the duty to pay them paramount to every other registered owner, we think the defendant ought to be held liable in the present suit, at least to the extent of the money received from the houses. The defendant's position is similar to that of the mortgagee in Bank v. Shoemaker; he was not only in possession, but he was also in receipt of the rents. He received enough rents to pay the taxes and neglected to do so. Under these circumstances he would have been liable to the city, and, consequently, liable to any one, who, by compulsion of law or stress of circumstances, fulfilled his obligation to the city. It was upon this ground that all cases were decided, which holds the actual owner liable in an action of assumpsit to the person who was compelled to pay the taxes due by such owner: See Caldwell v. Moore, 11 Pa. 58, Hogg v. Longstreth, 97 Pa. 255, King v. Mt. Vernon Building Association, 106 Pa. 165, Bank v. Shoemaker, supra, Republic Building & Loan Association v. Webb, 12 Pa. Superior Ct. 545, and Commonwealth v. Mahon, 12 Pa. Superior Ct. 616.

As the defendant has been exonerated from liability for the taxes after the declaration of trust was recorded, we think he has had as much equity as he has any right to expect, unless we are to deprive the plaintiff of all her legal rights. The error, if any, was in exempting the defendant from the taxes of 1898, and confining the plaintiff to the recovery of taxes of 1897. But as the plaintiff has not moved for a new trial, we will not disturb the verdict, but discharge the defendant's rule for a new trial.

*Error assigned* among others was in refusing to direct a verdict for defendants.

*Frederick J. Knaus,* for appellant.—A voluntary assignee is not a bona fide purchaser for value. He is a mere representative of the debtor, enjoying his rights only, and is bound where he is bound: Wright v. Wigton, 84 Pa. 163; Morris's App., 88 Pa. 368.

Ownership is the test, and the defendant not being the owner it is submitted that he is not liable: Hogg v. Longstreth, 97

Pa. 255; Commonwealth Nat. Bank v. Shoemaker, 13 W. N; C. 255; King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; Landreth v. McCaffrey, 44 W. N. C. 184.

*C. Berkeley Taylor*, with him *Lucius S. Landreth*, for appellee, cited; Hogg v. Longstreth, 97 Pa. 255; Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 165; King v. Mt. Vernon Building Association, 106 Pa. 165; Republic Bldg. & Loan Association v. Webb, 12 Pa. Superior Ct. 545; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616.

OPINION BY W. D. PORTER, J., May 23, 1901:

The opinion of the learned judge of the court below dismissing the motion for a new trial fully vindicates his conclusion that the defendant had no right to complain of the rulings which resulted in a verdict against him. We have reversed the judgment, in an opinion this day filed, upon an appeal by the plaintiff. The appeal of the defendant is, therefore, dismissed.