## Wartella v. Osick, Appellant.

590

Argued March 7, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Peter P. Jurchak,* for appellant.

*R. Lawrence Coughlin,* and with him *J. Semionev Russin,* for appellee.

Opinion by Baldrige, J., April 17, 1933:

Is compensation paid to an employee under the Workmen's Compensation Act of June 2, 1915, P. L. 736, and deposited in bank, exempt from attachment by a creditor? This question appears not to have been heretofore decided. The answer depends upon the interpretation of section 318 of the act (77 PS §621), which reads: "Claims for payments due under this article of this act shall not be assignable, and (except

as provided in section five hundred and one of article five hereof) shall be exempt from all claims of creditors, and from levy, execution, or attachment, which exemption may not be waived.'' Bearing in mind that an exemption provision must receive a strict construction (Com. v. Sunbeam Water Co., 284 Pa. 180, 130 A. 405), it was the duty of the appellant to bring himself clearly within the exemption provision. We had a similar question before us recently in Saxe v. Board of Revision of Taxes of Phila., 107 Pa. Superior Ct. 108, 163 A. 713, wherein we decided that payments of compensation insurance received from the United States Government by a guardian of an insane World War veteran and invested in mortgages were subject to personal property tax, under the Act of June 17, 1913, P. L. 507 (72 PS §4821). Section 22 of the World War Veterans Act of June 7, 1924, c. 320, 43 Stat. 613 (38 USCA §454), provides: ''The compensation, insurance, and maintenance and support allowance ...... shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made ......shall be exempt from all taxation.'' In the section now before us, ''claims for payments due ...... shall be exempt from all claims of creditors,'' etc. It will be noted that there is a striking similarity between these statutes. The purpose of the one is to protect the pensioner, of the other, the employee, until the money payable is received. It is very apparent that *after* the money is paid to the employee, it ceases to be a ''payment due;'' once it comes into his possession, it is subject to attachment.

Our construction of this section is in harmony with the interpretation placed upon the Act of March 3, 1873, c. 234, §33, 17 Stat. 576, §4747 of the Revised Statutes of the United States (38 USCA §54), by our Supreme Court in Rozellee v. Rhodes, 116 Pa. 129, 9 A. 160. That statute provides: ''No sum

of money due, or to become due, to any pensioner shall be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, whether the same remains with the Pension Office, or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall inure wholly to the benefit of such pensioner." The court there held that money which came into the possession of a pensioner was subject to attachment execution, as it then was not "money due or to become due." See, also, Aubrey v. McIntosh, 10 Pa. Superior Ct. 275, which was appealed to the United States Supreme Court, and is reported in 185 U. S. 122, 22 S. Ct. 561, 46 L. Ed. 834; Pentz v. First National Bank, 75 Pa. Superior Ct. 1.

In the recent case of Spicer v. Smith, decided by the United States Supreme Court on March 13, 1933, the court held that provisions for exemption, etc., relate only to the period prior to the passage of title from the United States to the veteran.

In Surace et al. v. Danna et al., 248 N. Y. 18, 161 N. E. 315; DiDonato v. Rosenberg et al., 225 N. Y. S. 46; and Gaddy v. First National Bank (Texas), 283 S.W. 472, the statutes are manifestly different as they provide that "compensation," as distinguished from the language in our statute, viz: "payments due," is exempt from attachment. In Reiff v. Mack, 160 Pa. 265, 28 A. 699, which, the appellant contends, rules this case, the money had not come into the pensioner's possession, and, therefore, the facts are essentially different.

We are in entire accord with the learned court below in its conclusion that when payments, under this section of the Workmen's Compensation Act, are paid into the hands of the claimant, the exemption from attachment ceases.

Judgment affirmed.