## Fell, Appellant, *v.* Johnston et ux.

Argued December 7, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*Samuel Englander,* for appellant.

*Benjamin H. Levintow,* for appellees.

OPINION BY HIRT, J., March 3, 1944:

Defendants bought land in Philadelphia in 1925 subject to a mortgage. On defendants' default in the terms of payment, plaintiff, the holder of the mortgage, foreclosed and bid in the property at sheriff's sale on January 4, 1937. Defendants while owners had failed to pay city and school taxes assessed against the land for eight consecutive years beginning with 1930; plaintiff was obliged to pay all of these taxes when he bid in the property. He then brought this action in assumpsit against defendants for reimbursement and obtained a judgment against them for $975.61. Execution issued

on the judgment whereupon each of the defendants claimed an exemption of $300 under the Act of April 9, 1849, P. L. 533, §1, 12 PS 2161. Plaintiff then petitioned the court to set aside the claims and on its refusal this appeal was taken.

A tax is not a debt in an ordinary sense and liability to pay taxes does not arise from a contractual relationship between the parties. *Derry Twp. S. Dist. v. Barnett C. Co.*, 332 Pa. 174, 2 A. 2d 758; *Schmuck v. Hartman*, 222 Pa. 190, 70 A. 1091. But by the Act of April 16, 1845, P. L. 495 §4, 53 PS 4964 (made applicable to the City of Philadelphia by the Act of April 12, 1859, P. L. 543, §1, 53 PS 4961) taxes became a personal charge against the owner of land in the City of Philadelphia. *Landreth v. McCaffrey*, 17 Pa. Superior Ct. 272; *Pennsylvania Co. Trustee v. Bergson*, 307 Pa. 44, 159 A. 32. And when plaintiff paid the taxes to protect his title on purchase of the land, he had a right of action for recoupment against the defendants who were owners of the property when the taxes were assessed. It is said that this right of action at law follows from "an application of the principle that he who is compelled to pay another's debt, because of his omission to do so, may recover [in his own name] on the ground that the law infers that the debtor requested such payment." *Hogg v. Longstreth*, 97 Pa. 255; *Com. v. Mahon*, 12 Pa. Superior Ct. 616. An implied contract was raised in those cases to supply an appropriate form of action as an "equitable mode of compelling the ultimate discharge of the debt by him who, in good conscience, ought to pay ......": PORTER, J. in the *Mahon* case. It is doing violence to every inference of fact to imply that defendants requested plaintiff to pay the taxes or promised reimbursement. They have indicated every intention of avoiding payment. No actual contract therefore can be inferred.

The Act of 1849 exempts property to the value of $300

on execution "issued upon any judgment obtained upon *contract."* (Italics added). The lower court on the above authority construed the obligation of defendants as an implied contract, and, concluding that there was a contract, though by implication of law, enforceable in assumpsit, held that the defendants are within the provisions of the act and are entitled to exemptions.

We are of the opinion that the device or fiction of an implied contract does not bring defendants within the act and they are not entitled to exemptions on that theory. Exemption statutes are in derogation of common law and although, once the right is established, some liberality may be allowed in accomplishing their purpose (*Maschke v. O'Brien,* 142 Pa. Superior Ct. 559, 17 A. 2d 923) yet in determining whether one is within the class entitled to an exemption, such acts must be strictly construed. *Yoder's Estate,* 341 Pa. 81, 19 A. 2d 139; *Reinhart v. Gerhardt,* 152 Pa. Superior Ct. 229, 31 A. 2d 737. The Act of 1849 is in relief of a judgment debtor only when the judgment is "obtained on contract." It deals with realities and not with fictions. The word "contract" relates to a contract in fact—an agreement resulting from a meeting of minds—and does not include relationships artificially raised by law to enforce equities or to compel the performance of a legal duty. Express contracts on the one hand and implied, quasi or constructive contracts, on the other, are distinct in law and if the act had intended to include the latter, it would have said so. Moreover the fact that the action is assumpsit in itself does not give defendants the benefit of the act. Cf. *Lightfoot's administrator v. Polgreen's administrator,* 13 S. & R. 395. Defendants, liable on a contract implied in law, are not within the class entitled to exemptions under the act. There is an analogy in *Erny's Estate,* 337 Pa. 542, 12 A. 2d 333, in the construction of the Act of March 27, 1713, §1, 1 Smith L. 76, limiting "actions of debt grounded

upon any lending or contract without specialty." It is there held that an obligation imposed by law irrespective of the intention of the parties, is but a *quasi* contract and therefore not within the phrase limiting debts "founded upon any lending or *contract* without specialty." (Italics added.)

Defendants are in no better position if the question is considered solely from the viewpoint of plaintiff's rights as subrogee. The relationship between a land owner and a taxing authority is not contractual. *Derry Twp. S. Dist. v. Barnett C. Co.,* supra. Liability is imposed wholly by operation of law and an exemption against the collection of taxes by a municipality does not exist. A plaintiff who is required to pay taxes "steps into the shoes of the municipality, and is subrogated to its rights, which, of course, includes the right to proceed against the title holder ...... upon doing so, [paying the taxes] he takes the place of the municipality for recoupment from the registered owner under the principle of subrogation": *Pennsylvania Co. Trustee v. Bergson,* supra. Because of the personal liability of the owner the municipality has a right of action against him for taxes, in addition to the other remedies authorized by law. This right vested in plaintiff by subrogation. Subrogated rights may rise as high, (except where sovereign rights of the State are involved, *Franklin Trust Co. of Phila. Case,* 319 Pa. 193, 179 A. 725) though no higher, than their source. In general, disabilities qualifying the right of the original creditor remain as limitations on the right of the subrogee. On the other hand preferences created by law, because of the nature of the debt, remain incident to the right of recovery and vest in the subrogated plaintiff. Subrogation is of equitable origin and its operation is governed by principles of equity. 25 R. C. L., Subrogation, §4. A subrogee is, generally speaking, placed in the precise position of the one to whose rights he is subrogated.

Ibid. §60. The principle of the Restatement, Restitution, §162(f), is applicable here. Since as against the municipalities defendants could not have claimed exemptions they are not entitled to the benefits of the Act of 1849 under any theory. By subrogation plaintiff had the same status as the taxing authorities and, as an incident, the right to collect the taxes from defendants in full.

Order reversed.