Melnick, Appellant, *v.* Pennsylvania Company for Banking and Trusts.

Argued October 6, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Samuel Melnick,* for appellant.

*John Norris,* with him *Heilner H. Gaul, Anthony G. Felix, Jr.,* and *Norris, Lex, Hart & Eldredge,* for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

This is a suit in assumpsit in which the plaintiff recovered a verdict, judgment n.o.v. was granted in favor of defendant, and plaintiff has appealed.

In March, 1950, Allene Tooks purchased a truck under a bailment lease which was assigned to defendant. The certificate of title was delivered to defendant, with an encumbrance noted thereon for $1,510.65. In September, 1951, Tooks became indebted to plaintiff and agreed to have the encumbrance and the possession of the certificate of title transferred to plaintiff. Pursuant thereto Tooks on September 27, 1951, executed the following writing, which was prepared by plaintiff's attorney, and which was delivered to defendant:

"To the Pennsylvania Company for Banking and Trusts,

I, ALLENE JOYCE TOOKS, individually and Trading as TOOKS FUNERAL SUPPLIES, hereby authorize and empower you, or your Officers, Agent or representative to transfer and assign all your right, title and interest in and to the encumbrance in the sum of . . . of the Motor Truck . . . and to transfer and assign the title certificate to said truck to IDA TONUCI of Haverford,

Pennsylvania, upon full and complete payment by me or by the said Ida Tonuci to you of the entire amount of said encumbrance or the balance thereof due you.

In witness whereof I have hereunto set my hand and seal the . . . day of September, A. D. 1951." In May, 1952, Tooks wrote defendant not to send the certificate of title to plaintiff. In September, 1952, Tooks paid the balance of the encumbrance to defendant, executed and delivered a formal written revocation of the writing of September 27, 1951 and received the certificate of title from defendant with the encumbrance marked satisfied. Thereupon suit was instituted for the then value of the truck, against which plaintiff had no encumbrance.

Plaintiff contends that Tooks' writing of September 27, 1951, was an assignment of both the encumbrance and the certificate of title, which could not be revoked by Tooks, and that therefore defendant wrongfully honored Tooks' order of revocation. This position is erroneous for two reasons. First, plaintiff contends that Tooks assigned the encumbrance then on the title in favor of the defendant. How could a debtor "assign" the evidence of a debt which she owed to the party to whom the alleged assignment was directed? The nature of a assignment contemplates the transfer of a right possessed by the assignor. Thus an effective assignment is defined in the Restatement of Contracts, Section 150, as "one by which the assignor's right to performance by the obligor is extinguished to such performance." Here the obligation was owed by the purported assignor and not to her. The encumbrance was a right belonging to defendant and the subject of assignment by it and not by Tooks.

The contention that there was an effective, irrevocable assignment of the right to possession of the cer-

tificate of title is also an error. A legal assignment has been defined as "a transfer or setting over of property, or of some right or interest therein, from one person to another, and, unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel, or other thing". *Purman Est.*, 358 Pa. 187, 190, 56 A. 2d 86. An analysis of the writing in question discloses that Tooks merely wrote that "I . . . hereby authorize and empower you . . . to transfer and assign the title certificate to said truck to (plaintiff) . . . upon full and complete payment by me or by the said (plaintiff) to you of the entire amount of said encumbrance or the balance thereof due you." These words indicate no present intent to transfer or divest oneself from the right to demand possession of the certificate of title at the time it would normally be returned to the debtor. The most we can construe from this writing is an authorization from Tooks to defendant to turn over the certificate of title to plaintiff. In other words Tooks stated that if plaintiff paid off the encumbrance and defendant delivered the certificate of title to plaintiff, Tooks would have no redress against defendant. However, such did not occur. Instead Tooks paid off the encumbrances one year later, after having executed a clear and concise revocation of the authorization. Since there was no legal assignment, but only a written permission to do something, that permission could be and was properly revoked.

Nor was there an equitable assignment as contended by plaintiff. An equitable assignment is "any order, writing, or act by the assignor which makes an absolute appropriation of a chose in action or fund to the use of the assignee with the intention to transfer a present interest, although not amounting to a legal assignment." *Purman Est.*, supra, p. 190. There was

clearly no absolute appropriation of any right in this case, or, as we pointed out above, any attempt to transfer a present interest. The purpose of an assignment, either legal or equitable, is to divest the assignor of a right. The writing in question failed to do that. Consequently it was not an assignment and was properly revoked.

Judgment affirmed.