William C. Congleton, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 15, 1979, before Judges CRUM-LISH, JR., DiSALLE and CRAIG, sitting as a panel of three.

*Richard S. Packel,* for petitioner.

*Mary F. Grabowski,* with her *Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, January 21, 1980:

This Aid to Families with Dependent Children (AFDC) recipient has appealed the Department of Public Welfare's (DPW )decision that he is ineligible for further assistance unless he signs an "Agreement

and Authorization to Pay Claim'' form, a "PA 176-K'', by which he would agree to reimburse DPW for assistance, when and if he received benefits under a pending Pennsylvania Workmen's Compensation claim.

DPW took the disputed action pursuant to its regulations at Sections 257.23 and 257.24 of the Public Assistance Eligibility Manual (PAEM).[1] Section 257.23 (a) provides that reimbursement is based on rights to ownership of property while assistance is being received, and 257.23(c) includes workmen's compensation benefits in a list of various forms of assets.[2] Section 257.24(e)(1) provides the authority for the acknowledgment of liability by Form "PA 176-K.''

Both parties recognize that resolution of this question depends on the effect on DPW's regulations of Section 318 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §621, which prohibits any *assignment* of a claim for, or payment of workmen's compensation, and Section 8124(c)(2) of the Judicial Code, 42 Pa. C.S. §8124(c)(2), which exempts claims and compensation payments under The Pennsylvania Workmen's Compensation Act from attachment or execution on a judgment.

Examination of form PA 176-K reveals that it does not amount to an *assignment* of the pending claim.[3]

---

[1] 55 Pa. Code §§257.23, 257.24.

[2] We find no merit in appellant's argument that a pending workmen's compensation claim is not property. Section 318 of The Pennsylvania Workmen's Compensation Act in prohibiting assignment of pending claims is implicitly premised upon recognition of such a claim to a potential fund as an assignable right.

[3] The form reads as follows:

In consideration of the assistance received and to be granted to or for me and to or for my spouse and unemancipated minor children pending receipt of money from [Workmen's Compensation]

Instead the form is primarily an *acknowledgment* of an obligation to repay assistance when compensation is received. Our Supreme Court, in *Tunnicliff v. De-*

I hereby agree to pay to the Commonwealth of Pennsylvania, Department of Public Welfare, its successors or assigns, or its duly authorized agent, the amount of the assistance claim; that is, all assistance granted to or for me and/or to or for my spouse and unemancipated minor children pending the receipt of the moneys referred to above, or the amount of moneys received after deduction of legal fees and costs incidental to the recovery of said moneys, whichever is the lesser amount.

I hereby acknowledge that all fees and incidental costs are entirely my responsibility and cannot be charged to the Department of Public Welfare.

I hereby direct my attorney or representative to pay to the Department of Public Welfare such moneys as described above as may come into his hands. This direction is irrevocable and acknowledged by me to be legally binding.

I further agree to notify my County Board of Assistance and to make payment immediately if the funds come into my hands.

In order to carry out the purpose of this agreement, I do hereby authorize the prothonotary of, or any attorney of, any court of record of Pennsylvania or elsewhere, to appear for and to enter judgment against me for the sum of Five Thousand Dollars ($5,000.00) with or without declaration, with costs of suit, release of errors, without stay of execution, and with fifteen percent (15%) added for collection fees.

It is further agreed that if the assistance claim as defined above is less than Five Thousand Dollars ($5,000.00) I shall be liable to pay only the lesser amount plus costs and collection fees. This judgment shall be collected as other judgments. I further agree that my real estate may be sold on a writ of execution. I hereby waive and release all relief from any or all appraisement, stay or exemption laws of any state or of the United States, now in force or hereafter to be passed.

We note the confession of judgment clause, with the comment that no question has been raised concerning it. Of course, at present no legal process under that clause is in being.

*partment of Public Welfare,* 483 Pa. 275, 396 A.2d 1168 (1978), has already passed on the operative language in the form and dispelled any belief that it operates as an assignment of future benefits. This form does not evince a present intent of the obligor to divest himself of any right to demand possession of a fund nor does it manifest an intent to transfer a present interest in a chose in action to DPW. *See Melnick v. Pennsylvania Co. for Banking and Trusts,* 180 Pa. Superior Ct. 441; 119 A.2d 825 (1956). Neither is there any direction to a *debtor* (the employer or its insurance carrier), to pay over any funds to DPW; the pay-over direction to the claimant's attorney was apparently not considered an assignment by the Supreme Court.

We find guidance in the several cases that have examined the apparent conflict between state assistance reimbursement regulations and Section 207 of the Social Security Act, 42 U.S.C. §407, which provides that the right to any future payment under the federal supplemental security income title "shall not be transferrable or assignable, at law or in equity" and none of the monies so paid or payable "shall be subject to execution, levy, attachment, garnishment, or other legal process. . . ." Taken together, Section 318 of The Pennsylvania Workmen's Compensation Act and Section 8124(c)(2) of the Judicial Code provide the same kind of prohibitions and exemptions for workmen's compensation claims and benefits on a state level as Section 207 provides for supplemental social security income (SSI).

*Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed. 2d 608 (1973) held that Section 207 of the Social Security Act prevented state welfare agencies from attaching or reaching by other "legal" process SSI income for reimbursement of assistance payments.

In *Good v. Wohlgemuth,* 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974), this court was called upon to decide the effect of the *Philpott* holding where a caseworker personally accompanied a welfare recipient to a bank to collect assistance reimbursement from a lump-sum SSI check. There, although reversing the DPW action, we interpreted *Philpott* not to absolutely preclude reimbursement of past assistance upon receipt of SSI benefits, but rather to allow DPW to take such funds into consideration in eligibility decisions and to seek rembursement "by fair means other than legal process." 15 Pa. Commonwealth Ct. at 527 n. 3, 327 A.2d at 399 n. 3. The *Good* case arose in the posture of the recipient claiming a refund of the reimbursement paid.

In *Tunnicliff v. Department of Public Welfare, supra,* again arising out of a recipient seeking a refund of reimbursement paid to DPW upon receipt of SSI benefits, Justice LARSEN, speaking for the court, approved the "fair means" test from the *Good* case, and decided that the reimbursement there was not involuntary because the recipients' signatures on form PA 176-K had created a legal obligation to repay, even though they signed that form unaware that DPW's use of legal process to collect reimbursement was in doubt under *Philpott.* Thus, the use of form PA 176-K was not an unfair collection process under the *Good* test.

This case comes to us in a different stance, not as a disputed collection but as a discontinuance of eligibility. Thus, we must restate the issue here to be whether, in conditioning continued eligibility for assistance upon the signing of a document which confirms a statutory obligation to reimburse DPW for assistance, with an identification of a prospective source of the reimbursement, DPW is using a "fair means other than legal process."

Because, as noted above, form PA 176-K is not an assignment, we cannot regard it as other than an affirmation of the statutory liability under Section 4 of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. §1974, to make reimbursement for assistance received while the recipient has possessed a right or cause of action which resulted in the ownership of property.

As such, the form does not give the Commonwealth any position other than its rightful one of common creditor, *Good v. Wohlgemuth, supra,* and is not "tantamount to legal process."

Although the conditioning of continued eligibility upon the signing of the form means that execution of the affirmation is certainly not voluntary, the obtaining of it is, equally clearly, not equivalent to the execution process condemned in *Philpott.*

At this juncture, we cannot say that the PA 176-K acknowledgment is being, or will be, used to skirt the prohibitions against assignment of, or execution against, workmen's compensation benefits; the form's wording is not limited to that source for reimbursement. Resolution of any such future issue must be deferred until DPW might seek to enforce reimbursement.

DPW's final order in this case is specifically worded so that petitioner can hereafter achieve eligibility by signing form PA 176-K. That order is affirmed.

### ORDER

AND Now, this 21st day of January, 1980, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, No. 90 352-C, dated October 31, 1978, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.