George R. Blake, Jr. and Erwin Miller, Esq., Appellants *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Appellee.

Argued November 18, 1981, before President Judge CRUMLISH and Judges MACPHAIL and PALLADINO, sitting as a panel of three.

*Jonathan M. Stein,* with him *Erwin Miller,* for appellants.

*Joseph F. Lynch,* Deputy Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, December 30, 1981:

This appeal comes to us from a denial by the Court of Common Pleas of Philadelphia County of a petition filed by George Blake (Appellant) to stay and set aside execution by the Department of Public Welfare (DPW) upon workmen's compensation benefits paid pursuant to The Pennsylvania Workmen's Compensation Act. The benefits are currently held in escrow by the Appellant's attorney, Erwin Miller, Esq., the garnishee below.

The Appellant sought public assistance in early 1976 while awaiting benefits under workmen's compensation for an injury in the course of his employment which left him unable to work. Before granting assistance, DPW required the Appellant to sign several standard Pa. 176-K agreement to pay forms containing Confession of Judgment clauses.[1] Upon re-

---

[1] The form reads :

In consideration of the assistance received and to be granted to or for me and to or for my spouse and unemancipated minor children pending receipt of money from [workmen's compensation] I hereby agree to pay to the Commonwealth of Pennsylvania, Department of Public Welfare, its successors or assigns, or its duly authorized agent, the amount of the assistance claim; that is, all assistance granted to or for me and/or to or for my spouse and

ceipt of his workmen's compensation award, Appellant refused to reimburse DPW for assistance received. DPW then filed its Complaint in Confession of Judgment with a writ of execution against the garnishee. On September 18, 1979, the Appellant filed a Petition to Open Judgment with the Philadelphia Court of Common Pleas. That petition was denied on May 23, 1980, and was not appealed. On June 12, 1980, the Appellant filed a Petition to Stay and Set Aside Execution. That petition was denied on September 19, 1980, the lower court basing its decision on the holding of our Superior Court in *War-*

---

unemancipated minor children pending the receipt of the moneys referred to above, or the amount of moneys received after deduction of legal fees and costs incidental to the recovery of said moneys, whichever is the lesser amount.

I hereby acknowledge that all legal fees and incidentals are entirely my responsibility and cannot be charged to the Department of Public Welfare.

I hereby direct my attorney or representative to pay to the Department of Public Welfare such moneys as described above as may come into his hands. This direction is irrevocable and acknowledged by me to be legally binding.

I further agree to notify my County Board of Assistance and to make payment immediately if the funds come into my hands.

In order to carry out the purpose of this agreement, I do hereby authorize the prothonotary of, or any attorney of, any court of record of Pennsylvania or elsewhere, to appear for and to enter judgment against me for the sum of Two Thousand Dollars ($2,-000.00) with or without declaration, with costs of suit, release of errors, without stay of execution, and with fifteen percent (15%) added for collection fees.

It is further agreed that if the assistance claim as defined above is less than Two Thousand Dollars ($2,000.00) I shall be liable to pay only the lesser amount plus costs and collection fees. This judgment shall be collected as other judgments. I further agree that my real estate may be sold on a writ of execution. I hereby waive and release all relief from any or all appraisement, stay or exemption laws of any state or of the United States, now in force or hereafter to be passed.

*tella v. Osick,* 108 Pa. Superior Ct. 589, 165 A. 660 (1933).[2]

The issue involved in this appeal is quite clear. May DPW bring an action to enforce repayment of public assistance from workmen's compensation benefits? The issue is one which this Court noted, but did not answer, in our recent decision of *Congleton v. Department of Welfare,* 48 Pa. Commonwealth Ct. 615, 409 A.2d 1382 (1980).[3]

The lower court believed that this issue was resolved by *Wartella* and that that decision is still controlling on the question. *Wartella,* it is true, did hold that once payments were made under the workmen's compensation law they were not exempt from execution by a creditor. However, the statutes regarding execution exemption for workmen's compensation have undergone what we believe to be a fundamental change since that decision came down.

At the time of *Wartella,* Section 318 of the Workmen's Compensation Act[4] (Act) read in pertinent part: "Claims for payments due under this article shall not be assignable, and . . . shall be exempt from all claims of creditors and from levy, execution, or attachment, which exemption may not be waived." The Court in *Wartella,* reading this exemption strictly, 108 Pa. Superior Ct. at 519, 165 A. at 660, concluded that only payments due were exempted from

---

[2] The possible res judicata effect of the prior unappealed order was raised on this latter petition, the subject of this appeal, but was not answered by the lower court. DPW has not raised the question of res judicata on this appeal and we therefore shall not consider the issue.

[3] Our holding in *Congleton* was that the conditioning of eligibility for public assistance upon the signing of a form Pa. 176-K was valid under the standard enunciated in *Good v. Wohlgemuth,* 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974).

[4] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 621.

the claim of creditors and that when paid, the benefits were no longer exempt.

However, Section 318 of the Act was amended in 1959 to read, in pertinent part, "Claims for payments due under this article of this act *and compensation payments made by virtue thereof,* shall not be assignable, and . . . shall be exempt from all claims of creditors, and from levy, execution, or attachment, which exemption may not be waived." Act of December 28, 1959, P.L. 2034 §3 (emphasis in original). A 1978 technical revision resulted in the retention of the non-assignability portion of the statute as Section 318, with the exemption provision moving to Section 8124 (c)(2) of the Judicial Code, *as amended,* 42 Pa. C. S. §8124(c)(2). That Judicial Code section now reads: "The following property or other rights of the judgment debtor shall be exempt from attachment or execution on a judgment: . . . (2) claims and compensation payments under . . . The Pennsylvania Workmen's Compensation Law. . . ."[5]

It seems undoubtedly clear to us, then, that the decision in *Wartella* is no longer applicable and that the Legislature has intended that such payments be exempt from execution.[6] Such an interpretation corresponds with our analysis in *Congleton,* 48 Pa. Commonwealth Ct. at 619, 409 A.2d at 1384, when we noted that Sections 318 of the Act and 8124(c)(2) of the Judicial Code provide the same kinds of exemptions

---

[5] The exemption granted by this statute "may not be waived by the debtor by express or implied contract before or after the commencement of the matter, the entry of judgment or otherwise." Section 8122 of the Judicial Code, *as amended,* 42 Pa. C. S. §8122.

[6] *Wartella* itself recognized the importance of such a difference in statutory wording, as the Superior Court distinguished cases from other jurisdictions at that time which provided for "compensation" being exempt from attachment. 108 Pa. Superior Ct. at 592, 165 A. at 661.

in state law as were held by the Supreme Court to exist in the Social Security Act. *See Philpott v. Essex County Welfare Board,* 409 U.S. 413 (1973).

DPW has further argued that even if an exemption exists for compensation payments made, such an exemption should not operate against the Commonwealth. DPW argues that since an exemption statute must be strictly construed against the debtor, under authority of *Fell v. Johnston,* 154 Pa. Superior Ct. 470, 36 A.2d 227 (1944), and since there has been no showing that the Commonwealth was intended to be classified an ordinary creditor under the law, then the exemption statute does not bar its collection.

Again, however, the case law cited by DPW has been superseded in regards to the issue presented here. We have held several times that the position of the Commonwealth in public assistance collection cases is that of a common creditor. *See Congleton,* 48 Pa. Commonwealth Ct. at 621, 409 A.2d at 1385; *Good v. Wohlgemuth,* 15 Pa. Commonwealth Ct. 524, 327 A.2d 397 (1974). Furthermore, the concept of strict construction of exemption laws, arising as it did from the rule that statutes in derogation of the common law are to be strictly construed, *Fell v. Johnston,* 154 Pa. Superior Ct. at 473, 36 A.2d at 228, has been modified by more recent rules regarding the construction of statutes. 1 Pa. C. S. §1928(a). Therefore, we do not believe the Commonwealth must be specifically mentioned in the statute for the exemption to apply against it. *See Lake Meade Municipal Authority v. Peron,* 12 Pa. D. & C. 3rd 181 (1979)[7] We thus hold

---

[7] The law authorizing DPW to sue for reimbursement, Section 4 of The Support Law, Act of June 24, 1937, P.L. 2045, *as amended,* 62 P.S. §1974, cannot be considered to have been intended to override the exemption laws, as Section 4 states that "any judgment obtained shall . . . be collected as other judgments."

that DPW may not enforce collection by legal process upon workmen's compensation benefits paid to a recipient of public assistance.

We wish to emphasize that we are not in any way altering this Court's decision in *Congleton*. DPW may still condition eligibility for assistance upon the signing of a document which confirms a statutory obligation to reimburse DPW for assistance. We have now only stated that legal process may not be used to collect the reimbursement out of statutorily exempt workmen's compensation funds.

The decision of the lower court shall be reversed.

ORDER

AND Now, this 30th day of December, 1981 the order of the Court of Common Pleas of Philadelphia County, dated September 19, 1980, is hereby reversed.