## Bucks County Bank & Trust Company
## v. Stanislaw

*Allan K. Grim,* for plaintiff.
*John S. Kerdock,* for defendant.

KELTON, *J.,* May 18, 1984—In Blake v. Commonwealth of Pennsylvania, Department of Public Welfare, 63 Pa. Commw. 491, 439 A.2d 1262 (1981), the court held that workmen's compensation claim benefits were exempt from execution by an attaching creditor not only prior to payment of the benefits to the compensation claimant but even after receipt of the funds.

The question before us in the instant case is whether this immunity from attachment continues after a claimant has transferred the funds without consideration from himself to his wife.

We hold that the funds continue to be exempt.

There is no significant dispute as to the facts herein. Plaintiff, Bucks County Bank and Trust Company is a creditor of defendant-husband on a claim of $10,303.40 resulting from a judgment entered by confession on February 9, 1983 in the Bucks County Prothonotary's office on a note executed by the husband as guarantor of the debt of a business corporation. In May 1983, the husband received a $60,000 check from Ohio Casualty Insurance Group pursuant to a compensation benefit commutation order entered by the Workman's Compensation Referee on April 29, 1983.*

---

* That order (Depositions, Exh. D-1) reflected a commutation of employment disability benefits which were to be payable at $150 per week for 500 weeks.

Immediately thereafter the husband went with his wife (now a garnishee in this action) to a branch of Trevose Federal Savings and Loan Association. There he negotiated the Ohio Casualty check, which had been payable to the husband alone and created two accounts at Trevose. One was a "NOW" (negotiable order of withdrawal) account for $6,000; the second was a renewable certificate of deposit for $54,000. Plaintiff in the fraudulent debtors' action now is attempting to reach the $54,000 account. Defendant husband and his wife as garnishee have filed a petition requesting us to dissolve the attachment and to award attorneys' fees and costs to petitioners.

Pennsylvania Rule of Civil Procedure 1286 states that "A fraudulent debtor's attachment may be issued to attach personal property of the defendant within the Commonwealth and *not exempt from execution,* upon any cause of action at law or in equity in which the relief sought includes a judgment or decree for the payment of money, when the defendant *with intent to defraud* the plaintiff

(1) has removed or is about to remove property from the jurisdiction of the court;

(2) has concealed or is about to conceal property;

(3) has transferred or is about to transfer property; or

(4) has concealed himself within, absconded, or absented himself from the Commonwealth." (Emphasis supplied)

The Judicial Code, 42 Pa. C.S. §8121 et seq. lists various types of property that are exempt from attachment or execution. Section 8124(c)(2) of the code exempts from creditor attachment all claims and compensation payments under the workmen's compensation law. The compensation law (Act of December 28, 1959, P.L. 2034, §3, amended by

1978, April 28, P.L. 202, §2 (a) [995], 77 P.S. Supp. §631) then provides that claims for "payments *due*" and for "compensation payments *made*" shall not be assignable." (Emphasis supplied)

The Blake case, supra, has construed these two acts together to require that compensation payments continue to be exempt after receipt by the claimant of his claim proceeds from the compensation carrier.

Plaintiff here argues that the funds transferred from husband to wife without fair consideration should be attachable because the transfer was allegedly done with a fraudulent intent and was therefore fraudulent under Pa. R.C.P. 1286. However, it has frequently been held in Pennsylvania that some conveyances of exempt or immune property by a debtor to a third person are not necessarily fraudulent as to a creditor. This continued immunity was based upon the principle that there was no actual fraud where the creditors could not have reached the property in the first place. For cases involving conveyance of entireties real estate by a debtor husband, see C.I.T. Corporation v. Flint, 333 Pa. 350, 5 A.2d 126 (1939) and Murphy et al. v. C.I.T. Corporation, 347 Pa. 591, 33 A.2d 16 (1943); accord: Lunnen v. Hunter, 348 Pa. 402, 35 A.2d 292 (1944) and Tobalski v. Welliner, 18 D.&C. 2d 483 (1959).

As to insurance proceeds continuing to be immune after transfer of the insured's interest to his beneficiaries, see Provident Trust Co. v. Rothman, 321 Pa. 177, 185 (1936).

Our conclusion that the transferred funds continue to be "exempt from execution" within the meaning of Pa. R.C.P. 1286 is reinforced by the Workmen's Compensation Act itself. Clearly the broad purposes of that act have always been to provide for continued protection for injured workmen and their

dependents, freed from the legally constricting doctrines such as contributory negligence, the "fellow servant" rule and the like. Section 604 of the act (77 P.S. Supp. §604) provides that employment disability periodic payments may be commuted by the board ". . . if it appears that such commutation will be for the best interest of the employee . . ." (Section 603 (77 P.S. §603)) provides that lump sum awards may be placed in trust ". . . for the employee or the dependents of the employee." Read together, all of these sections lead us to conclude that compensation payments should continue to be exempt under 42 Pa. C.S. §8124(c)(2) even after transfer to the claimant's spouse.

On the issue of the garnishee's claim for counsel fees under 42 Pa. C.S. §2503, we find that plaintiff's action, although in a losing cause, was appropriate and proper to raise an issue not previously decided in Pennsylvania. Therefore, we find that plaintiff's conduct was not "arbitrary, vexatious or in bad faith" under subsection (9) thereof.

We also hold that the "counsel fees" which are recoverable as a part of the "taxable costs" for garnishee under subsection (3) are normally limited to those fees which may be taxable as costs. See discussion at Goodrich-Amram 2d §1287 (b):3. Any party shall have leave to have the appropriate costs determined pursuant to Bucks County Rule *280.

## ORDER

And now, May 18, 1984, the motion of garnishee Dorothy Stanislaw to dissolve the writ of fraudulent debtors' attachment against her certificate of deposit at Trevose Federal Savings and Loan Association is hereby granted and the said attachment is dissolved.