In re George C. COUGHLIN, Esther N. Coughlin, Debtors.

George T. COUGHLIN, Plaintiff,

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Defendant.

Bankruptcy No. 80–00664K.
Adv. No. 81–0461K.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 11, 1985.

---

Henry J. Sommer, Philadelphia, Pa., for plaintiff/debtor.

Jason W. Manne, Asst. Counsel, Dept. of Public Welfare, Harrisburg, Pa., for defendant.

Norman Ackerman, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue at bench is whether a public welfare agency may be reimbursed for interim assistance benefits received by a debtor where the debt has been discharged under the Bankruptcy Code ("Code"). The question is presented on the debtor's motion for summary judgment in his action to recover funds being withheld by the agency. For the reasons stated herein, we conclude that the agency may not be reimbursed. Accordingly, we will order the agency to remit the funds being withheld to the debtor.

The facts of the case, in light of the standard for granting summary judgment,[1] are as follows: In May of 1970, George C. Coughlin ("debtor") applied to the Social Security Administration ("SSA") for Supplemental Security Income ("SSI") benefits. He received public assistance benefits, in the amount of $893.40, from the Commonwealth of Pennsylvania Department of Public Welfare ("defendant") while awaiting a determination of his eligibility. As a condition of eligibility, the debtor was required to sign a PA 176–S form which

---

1. In considering a motion for summary judgment, the Court must resolve any doubt as to the existence of genuine issues of fact against the moving party. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402 (3d Cir.1981).

authorized the SSA to reimburse the defendant for the interim assistance funds from his first SSI payment. The PA 176–S authorization form provided in pertinent part:

> For and in consideration of assistance granted to me by the Pennsylvania Department of Public Welfare from State funds for basic needs until I receive Supplemental Social Security Income, I authorize the Secretary of Health, Education and Welfare to make the first payment of Supplemental Security Benefits for which I am determined to be eligible, for an on my behalf, to the Pennsylvania Department of Public Welfare.

> I further authorize the Pennsylvania Department of Public Welfare to deduct from such first payment the amount of State assistance paid to me in the interim, and after making such deduction, promptly pay the balance, if any, to me.

In April of 1980, the debtor and his wife filed a petition for relief under Chapter 7 of the Bankruptcy Code ("Code"). On October 9, 1980, the debtors received a discharge of their debts, including that owed to the defendant for the public assistance benefits.

In March of 1981, the SSA notified the debtor that he was eligible for SSI benefits, and that his retroactive benefits check was being sent to the defendant to repay the public assistance benefits. The debtor filed a complaint against the defendant on May 4, 1981, seeking recovery of the interim assistance funds, and subsequently filed the instant motion for summary judgment.

The granting of summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions and affidavits indicate that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). On a motion for summary judgment, it is the function of the court to determine whether a triable issue exists, rather than to resolve the issue. *Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir.1969), *cert. denied*, 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969).

A discharge operates as an injunction against the commencement or continuation of an act to collect, recover or offset any discharged debt from the debtor's property. 11 U.S.C. § 524(a).

In support of his motion, the debtor asserts that, since the debt owed to the defendant was discharged, the defendant's withholding of the funds constitutes a violation of the § 524(a) prohibition against collecting discharged debts.

In opposing the debtor's motion, the defendant asserts that the debtor's authorization to have the public assistance benefits deducted from the SSI payment was an assignment.[2] The defendant contends that, since, by virtue of the assignment, the funds became property of the defendant and not that of the debtor's estate, they were not subject to Code provisions.

 Because the authorization does not meet the requirements for an assignment, we reject the defendant's assertion.[3]

---

**2.** The defendant makes this assertion despite the express prohibition of the Social Security Act against the assignment of SSI benefits: "The right of any person to future payment under this subchapter shall not be transferable or assignable at law or in equity[.]" 42 U.S.C. § 407 (made applicable to SSI benefits through 42 U.S.C. § 1383(d)).

The Supreme Court of the United States has specifically included public welfare agencies among those who are precluded from reaching such benefits. *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973).

**3.** Alternatively, the defendant asserts that the reimbursement authorization constituted a lien.

Section 101(28) of the Code (11 U.S.C. § 101(28)) defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation[.]" In general, three (3) varieties of lien are included under the concept: judicial liens, security interests and statutory liens. S.Rep.No. 95–989, 95th Cong., 2d Sess. 25, *reprinted in* U.S. Code Cong. & Ad. News 5787, 5811 (1978).

A judicial lien is a lien obtained by judgment, levy, sequestration, or other legal or equitable process. 11 U.S.C. 101(27). A security interest is a lien created by agreement. 11 U.S.C. 101(37). A statutory lien is a lien arising solely by force of a statute on specified circumstances or conditions. 11 U.S.C. 101(38).

The purpose of an assignment is to divest the assignor of a right. *Melnick v. Pennsylvania Co. for Banking and Trusts*, 180 Pa.Super. 441, 119 A.2d 825 (1956). "A contract ... to transfer funds to be received in the future by the promisor [ ] is not an assignment." Restatement (Second) of Contracts § 330 (1981).

Department of Public Welfare reimbursement authorizations have been specifically determined not to be assignments. *Tunnicliff v. Commonwealth of Pennsylvania Department of Public Welfare*, 483 Pa. 275, 396 A.2d 1168 (1978) (PA 176-K reimbursement authorization form); *Congleton v. Commonwealth of Pennsylvania Department of Public Welfare*, 48 Pa. Commw. 615, 409 A.2d 1382 (1982) (PA 176-K reimbursement authorization form); *Vazquez v. Commonwealth of Pennsylvania Department of Public Welfare*, 42 B.R. 609 (Bankr.E.D.Pa.1984) (PA 176-S reimbursement authorization form).[4]

■ In further opposing the debtor's motion, the defendant asserts that its collection of the debt is insulated from the Code by § 407 of the Social Security Act which provides that "... none of the moneys paid or payable or rights existing under this subchapter shall be subject to ... the operation of any bankruptcy or insolvency laws." 42 U.S.C. § 407. Because this provision was intended to protect benefits recipients only, and not creditors, we reject the defendant's assertion. *Neavear v.*

The cases which the defendant cites do not support the conclusion that the reimbursement authorization constituted a lien.

4. The PA 176-K authorization form provides in pertinent part:

In consideration of the assistance received and to be granted to and for me and to or for my spouse and unemancipated minor children pending receipt of money from SSI benefits, I hereby agree to pay to the Commonwealth of Pennsylvania, Department of Public Welfare, its successors or assigns, or its duly authorized agent, the amount of the assistance claim[.] ... I hereby direct my attorney or representative to pay to the Department of Public Welfare such moneys as described above as may come into his hands. This direction is irrevocable and acknowledged by me to be legally binding.

*Schweiker*, 674 F.2d 1201 (7th Cir.1982); *French v. United States Social Security Administration*, 20 B.R. 155 (Bankr.D.Or. 1982); *Hawley v. United States* (In re Hawley) 23 B.R. 236 (Bankr.E.D.Mich. 1982).

Because we conclude that there are no material issues of fact regarding the discharge of the debt at bench, we will grant the debtor's motion for summary judgment. Accordingly, we will order the defendant to remit to the debtor the amount withheld.

I further agree to notify my County Board of Assistance and to make payment immediately if the funds come into my hands....

While the PA 176-K form involved in the *Tunnicliff* and *Congleton* cases may be distinguished from the PA 176-S form involved in the instant proceeding, any differences between the forms do not change the result that neither is an assignment.

We do not conclude that the statement of the District Court for the Eastern District of Pennsylvania that the applicant's signing of a PA 176-S form *"acts as an assignment* of his SSI benefits to the Department (to the extent of the amount of interim assistance received)," *Moore v. Colautti,* 483 F.Supp. 357 (E.D.Pa.1979) (emphasis added), *aff'd,* 633 F.2d 210 (3d Cir.1980), constituted a determination as to the form's legal sufficiency as an assignment.