## In re DELAWARE FIBRE COMPANY, INC., t/a Continental Fibre Co., Inc., Debtor.

## DELAWARE FIBRE COMPANY, INC., t/a Continental Fibre Company, Inc., Plaintiff,

v.

## MILWAUKEE MOTIVE MANUFACTURING CO. and Electro Energy Supply, Inc., Defendants.

Bankruptcy No. 81–00186K.
Adv. No. 81–1672K.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 27, 1982.

Joseph S. U. Bodoff, Philadelphia, Pa., for plaintiff.

James W. Adelman, Philadelphia, Pa., Richard H. Bussler, Jr., Milwaukee, Wis., for defendant Milwaukee Motive Mfg. Co.

David I. Grunfeld, Philadelphia, Pa., for defendant Electro Energy Supply, Inc.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint by the debtor to recover unpaid accounts receivable. Trial on the complaint was held on March 16, 1982. Several motions were made by the defendants at the hearing. The Court reserved decision on these motions and received the testimony in full. Upon review of the case, the Court will dismiss the complaint.[1]

Although the evidence introduced at trial was lengthy and confusing, the Court finds a valid assignment of the account existed. The debtor, therefore, was not a proper party-plaintiff. Upon introduction of certain testimony and exhibits, this fact was obvious. Disposition of the case, however, was not so simple. Counsel for the defense were unable to decide whether this motion should be one for summary judgment or dismissal. The Court will treat the motion as a motion to dismiss and dismiss the complaint.

It is uncontroverted by any party that an assignment of Delaware Fibre's accounts receivable was made to Fidelity Bank. The issue arose at trial, however, as to whether the debtor was the proper party to collect these accounts. The testimony of the presi-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

dent of the debtor showed that, since the inception of the corporation, Fidelity Bank had an assignment of all receivables. On the other hand, he testified that Delaware was contractually bound to collect these accounts.[2] As a result, Delaware claims, despite the assignment, that it is the proper party to maintain this action.

The Court takes judicial notice that the Uniform Commercial Code, as adopted in Pennsylvania, allows parties to assign rights so long as the assignment does not materially alter the duty or increase the burden on the other party.[3] The Court, furthermore, finds this assignment to have been proper under the law of Pennsylvania.

In the briefs submitted to the Court, however, none of the parties adequately addressed the assignment issue. All of the parties neglected to cite any authority in support of their respective positions. Milwaukee Motive Mfg. Co. did not even address the issue. Co-defendant, Electro-Energy Supply, Inc., strenuously urged the Court to treat the assignment as dispositive of the case. This assertion was entirely unsupported by any authority. As a result, the Court is forced to decide the case on the slight basis presented by the parties.

In spite of these glaring deficiencies, the Court finds that Delaware Fibre does not have an interest in these accounts. The invoices provided as evidence by both Delaware and Milwaukee are markedly different. The invoices submitted by the defendant contain the following notice of assignment:

> This account has been assigned to and is payable only to

The Fidelity Bank

Accounts Receivable Secured Lending Unit

Broad and Walnut Sts.

Phila., PA 19109

To whom prompt notice must be given of any discrepancies, merchandise returns, claims for shortages, non-deliveries, etc.

All said invoices were received into evidence without objection.[4] The plaintiff's exhibits do not contain this notice of assignment.

The notice of assignment does not inform the defendants that the debtor retains any interest in the accounts. Unless an assignment is qualified, it is properly considered the transfer of the whole interest. *Melnick v. Pa. Co. for Banking & Trusts*, 180 Pa.Super. 441, 119 A.2d 825 (1956); *In re Purman's Estate*, 358 Pa. 187, 56 A.2d 86 (1948). There is no evidence that the defendants were ever informed that Delaware retained an interest in these accounts. On this basis, the plaintiff's case must fail.

The invoices serve as a final expression of the parties' intent. The parties have reduced their understanding to a clear and unambiguous writing. The Court need look no further than the writing itself to give effect to that understanding. *West Penn Admin. Inc. v. Pittsburgh National Bank*, 289 Pa.Super. 460, 433 A.2d 896 (1981).[5]

Rule 17(a) of the Federal Rules of Civil Procedure[6] provides that: "Every action shall be prosecuted in the name of the real party in interest." In this case, the real party in interest is Fidelity Bank because the Court has found that the assignment was complete. *Wilcox v. Regester*,

---

**2.** Notes of Testimony, hearing held on March 16, 1982, at p. 16.

**3.** See, 12A Pa.Stat.Ann. § 2–210 (Purdon), which provides in pertinent part:

> (2) Unless otherwise agreed all rights of either seller or buyer can be assigned except where the assignment would materially change the duty of the other party, or increase materially the burden or risk imposed on him by his contract, or impair materially his chance of obtaining return performance.

> A right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation can be assigned despite agreement otherwise.

**4.** Defendant's Exhibits 1, 2 and 3. Notes of testimony at p. 65 and 69.

**5.** See also, 12A Pa.Stat.Ann. § 2–202.

**6.** Made applicable to Bankruptcy Court by Rule 717 of the Rules of Bankruptcy Procedure.

417 Pa. 475, 207 A.2d 817 (1965). The plaintiffs, therefore, urge the Court to immediately and summarily dismiss the complaint.

Rule 17(a), however, provides that:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...

F.R.Civ.P. 17(a). If the Court would set an appropriate time for the joinder of Fidelity, the resulting adversary action would only be peripherally related to the underlying bankruptcy case. The defendants assert that this Court would not have jurisdiction over such a matter. In doing so, they blithely overlook certain provisions of the Bankruptcy Reform Act. Pursuant to Title 28 of the United States Code, the Bankruptcy Court has jurisdiction over ... "all civil proceedings arising under title 11 or arising in or related to cases under title 11." [7]

If Fidelity were joined as a necessary party-plaintiff, however, the Court would abstain from hearing the action. The Court finds no reason to bring these defendants back into the Bankruptcy Court for this district, in order to allow them to defend a suit against a party not in bankruptcy. The Court would abstain from hearing the matter pursuant to the abstention power granted by the Bankruptcy Reform Act.[8]

In conclusion, in spite of the provisions of F.R.Civ.P. 17(a), the Court will dismiss the plaintiff's complaint.

7. 28 U.S.C. § 1471(b) and (c). Section 405(b) of the Bankruptcy Reform Act provides that these sections will be in effect from October 1, 1979 through March 31, 1984. 92 Stat. 2685.

8. 28 U.S.C. § 1471(d) provides that:
(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy

court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.