## Commonwealth v. Wilcox

*William L. Hammond*, Assistant Deputy Attorney General, *David R. Perry*, Special Deputy Attorney

General, and *Claude T. Reno,* Attorney General, for Commonwealth.

*James L. Brown,* for defendant.

RUPP, J., May 4, 1942.—This matter comes before us on a rule to show cause why a sheriff's appraisement should not be set aside and the answer to the rule.

Plaintiff, the Commonwealth of Pennsylvania, instituted a suit in assumpsit against defendant for delinquent unemployment compensation contributions and obtained a default judgment. Subsequently, a writ of fieri facias was issued upon said judgment, directed to the Sheriff of Luzerne County, who pursuant thereto levied upon certain personal property, allegedly belonging to defendant, located in the City of Wilkes-Barre, Luzerne County. Defendant then filed with the sheriff a claim for exemption under the Debtor's Exemption Act of April 9, 1849, P. L. 533, 12 PS §2161 et seq., whereupon the sheriff appointed appraisers and directed the appraisement of the goods covered by the levy, which were appraised at $201.

The sole question involved is whether or not the provisions of the above act may be invoked by a defendant when the Commonwealth is the execution creditor.

It is the contention of plaintiff that defendant cannot invoke the act in question against the Commonwealth and that, therefore, the appraisement should be set aside and the Sheriff of Luzerne County should be directed to proceed with the levy and sale. With this contention we agree.

The rule that the Commonwealth is not bound by an act of the legislature unless named therein has come down to us from the earliest times. So far as we know it has been universally recognized by all the courts of this country and was recognized early in the history of the courts of this Commonwealth.

In section 161 of Endlich on the Interpretation of Statutes the rule is set forth as follows (p. 223):

". . . the Crown is not bound by a statute unless named in it. It has been said that the law is prima facie presumed to be made for subjects only, that 'the general business of the legislative power is to establish laws for individuals, not for the sovereign.' At all events, the Crown is not reached except by express words, or by necessary implication, in any case where it would be ousted of an existing prerogative or interest. It is presumed that the Legislature does not intend to deprive the Crown of any prerogative, right or property, unless it expresses its intention to do so in explicit terms, or makes the inference irresistible. Where, therefore, the language of the statute is general, and in its wide and natural sense would divest or take away any prerogative or right, titles or interests from the Crown, it is construed so as to exclude that effect."

In Gordon v. Dime Bank Title & Trust Co., 315 Pa. 305 (1934), the court said (p. 309):

". . . 'The State when acting in its sovereign capacity occupies a position entirely different and superior to that of the citizen. It cannot be sued without its consent. The statute of limitations, without it is expressly so declared, cannot be invoked to defeat its claim as a creditor. It takes precedence over other creditors. It may forego its rights as a sovereign power and place itself on the same footing as one of its citizens, but unless the statutory language affecting the subject so declares it will not be presumed. The State cannot be deprived of its rights as a sovereign by inference, it must be done by appropriate constitutional or legislative action': Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 307. See also Jones v. Tatham, 20 Pa. 398."

The act in question does not place the Commonwealth on an equal footing with its citizens and we have been unable to discover, nor has our attention been directed to, any action on the part of the Commonwealth

whereby it chose to forego its sovereign rights with respect to the matter here under consideration.

And now, May 4, 1942, the rule granted to show cause why the appraisement of the Sheriff of Luzerne County should not be set aside is hereby made absolute, and the sheriff is directed to proceed with the levy and sale according to law.