**LEEDS MUSIC CORPORATION et al. v. JONES.**

**Application of VAUSE.**

**No. 3870.**

District Court, E. D. Pennsylvania.

May 16, 1945.

John Francis Williams, of Philadelphia, Pa., for plaintiff.

Conlen, LaBrum & Beechwood, of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a petition to intervene under Rule 24, subsection (a), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1]

The intervenor is the owner of Maple Grove Inn, Montgomery County, Pennsylvania, which he had leased for a period of three years to one Martin Jones, the defendant, having nothing at all to do with its operation or management. The plaintiffs allege that in May of 1944, two songs were rendered at the Inn, on which they held copyrights, without their permission, and instituted an action on the 14th day of August, 1944, for damages. They secured a default judgment of $500 plus costs and counsel fee of $100, and issued execution on October 24, 1944. Pursuant thereto the Deputy U. S. Marshal caused a sale to be held on the premises of the personalty located thereon on January 3, 1945. After

---

[1] "Rule 24(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

the sale had been duly advertised by the requisite number of hand bills and the procedure prescribed under the State Statute fully complied with in accordance with Rule 69 of the Federal Rules of Civil Procedure, the intervener maintained that he had no knowledge whatsoever of any of the proceedings and merely happened on the premises at the time of the sale and to protect his property he paid the Deputy Marshal $650, being the amount of the judgment, costs and counsel fee, and thereafter consulted counsel which resulted in the present petition.

The intervener relies upon Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145, as ground for allowance of his motion to intervene. However, in that case, Krippendorf, whose property was levied upon by the defendant, Hyde, in satisfaction of a judgment obtained against another, had the property appraised and gave a bond of the appraised value to the Marshal upon delivering to him all the goods levied upon, at which time he sought to be made a party, in order to assert his title. This motion was denied and he was not permitted to so defend. The defendant Hyde secured a judgment and Krippendorf having meanwhile disposed of the property paid the amount of the judgment to the United States Marshal in accordance with his bond. While the money was still in the hands of the United States Marshal, Krippendorf filed his bill enjoining the Marshal from making disposition of the fund. The Circuit Court dismissed the bill because it held that Krippendorf had an adequate remedy at law. An appeal was taken to the Supreme Court where the action of the lower court was reversed. How-

ever, in that case, Krippendorf invoked a procedure provided by the Statute of Indiana and it was only because the state procedure provided him no remedy that the Supreme Court permitted him to intervene by petition pro interesse suo. Here, however, the exact opposite obtains, the petitioner at no time invoked the statutory provisions for his protection, although there was open and available to him the right to file a property claim in accordance with which an issue could be framed under the Act of June 22, 1931, P.L. 883, Sec. 1, 12 P.S. § 2358. In conformity with Rule 69 of the Federal Rules of Civil Procedure, the rules and state practice were resorted to and notices were posted by the Marshal six days previous to the sale in the form of six hand bills in conformity with the Act of June 16, 1836, P.L. 755, Sec. 42, 12 P.S. § 2312, and in every other wise the procedure with respect to the sale was regular. Under Rule 69(a) of the Federal Rules of Civil Procedure, the manner of setting aside a sale. is also governed by the state law and in connection therewith the Act of April 10, 1849, P.L. 597, Sec. 1, 12 P.S. § 2313 is pertinent[1]. This provides that a sale may be set aside only where it is irregular or fraudulent, neither of which facts is apparent in the instant case. While it is true that a hardship may result to the petitioner, the requisite statutory notice was given to him and if he was not aware of the sale until the very time it was held and was ignorant of the correct procedure to follow, it is one of those unfortunate experiences for which no remedy can possibly be granted, since no authority can be found for the setting aside of an execution upon a judgment regular on its face, by

[1] "It shall and may be lawful for any court in the county of Philadelphia, from which any execution or order of sale shall issue for the sale of personal property, to inquire into the regularity and fairness of the sale, at the instance of any party interested, by execution, foreign or domestic attachment, or under a general assignment, upon affidavit of circumstances, before delivery of the goods; and if it appear that the sale shall have been so irregular or fraudulent as, in the opinion of the court, to have produced a sacrifice of the property, to the

prejudice of any such party, it shall be competent for the court to set aside such sale, and the same property may be again exposed to sale, as if no such previous sale had been made: Provided, That it shall be lawful for the court to direct an issue for the trial of questions of fact, whenever the circumstances of the case shall require, and to order the sale, in the meantime, of all perishable or chargeable goods; the proceeds to be held to abide the result of the trial. (1849, April 10, P.L. 597, § 1.)"

a third-party, upon the claim that the property levied upon is not that of the execution debtor but belongs to him. Seese v. Sibel, 39 Pa.Dist. & C. 458.

Motion to intervene is denied.

