**UNITED STATES of America**

v.

**Paul B. MILLER and Mildred E. Miller, His Wife, Appellants.**

**No. 11716.**

United States Court of Appeals Third Circuit.

Argued Jan. 13, 1956.

Decided Feb. 8, 1956.

---

Alan I. Baskin, Reading, Pa., for appellant.

G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Philadelphia, Pa., on the brief), for appellees.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case brings up the question of a Pennsylvania garnishment statute in a suit by the United States. The facts are simple and undisputed. Paul Miller and his wife borrowed money from the United States under the provisions of The Bankhead-Jones Farm Tenant Act. 50 Stat. 522 (1937), as amended, 7 U.S. C.A. §§ 1001–1005d, 1007, 1008–1029. They defaulted in their obligation to repay. After unsuccessful attempts to collect the remainder of the debt, the United States entered judgment for it. Subsequently, informal efforts to secure payment having failed, an attachment execution issued and garnishment proceedings were served upon Paul Miller's employer. The district judge denied defendants' motion to quash the writ of execution [1] and the defendants appeal.

The statute relied upon by the debtor in attacking the judgment of the district court is the act of Assembly of Pennsylvania relating to attachment of wages. Pa.Stat.Ann. tit. 42, § 886. The language important for us is the last clause of the statute, "[p]rovided however, [t]hat the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer." The appellants press the point that this statute represents the public policy of Pennsylvania. That argument is strengthened by reference to another statute providing against the assignment of a claim for the purpose of having it collected outside the state by the garnishment process. See Pa.Stat.Ann. tit. 12, §§ 2175, 2176. This, however, does not answer the question whether the statute is applicable to suits by the United States.

The argument for the government calls our attention to Federal Rule of Civil Procedure 69(a), 28 U.S.C.[2] Rule 69(a) says that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought * *."

---

1 United States v. Miller, D.C.E.D.Pa. 1955, 134 F.Supp. 276.

2. Rule 64 is also cited to us but we do not think it has anything to do with this case. See 7 Moore, Federal Practice ¶64.04[1], p. 1508 (1955).

There is an exception in case there is a statute of the United States applicable. But there is no such statute applicable here so we may disregard the exception. In spite of this language the government suggests that the availability of the garnishment procedure is part of the government's "right" and is not subject to the state rule excluding garnishment of wages from the means taken to collect its judgment.

■ This argument leaves us unimpressed. The well settled distinction in two-state cases is that matters of attachment, execution and the like are to be determined by the law of the forum and not the law of the place where judgment was rendered or a debt contracted. See Restatement, Conflict of Laws § 600 (1934); Goodrich, Conflict of Laws § 90 (3rd ed. 1949). The language from rule 69 sounds to this effect. There are a variety of situations where the rule has been held procedural and subject to state limitations. For example: a property exemption,[3] the entry of a deficiency as a prerequisite to the issuance of a general execution,[4] the setting aside of an execution sale,[5] and the termination of supplementary proceedings.[6] 7 Moore Federal Practice ¶69.04[3], p. 2418 (1955), gives a whole series of instances of this type.[7]

There is another argument urged by the United States which we think has more weight. It has been expressly held that the garnishment statute above cited does not apply to the state of Pennsylvania. In re Blum's Estate, No. 3, 1940, 38 Pa.Dist. & Co.R. 598.[8] The reason given is that "legislative enactments presumptively affect only private rights and do not embrace the rights of a sovereign unless the sovereign is explicitly designated or clearly intended * *" This reason the learned judge found in earlier Pennsylvania decisions. And it has been reaffirmed in subsequent cases.[9]

■ If the statute is not applicable to the state of Pennsylvania in its transactions with persons in the State's field of activity, it is equally inapplicable to the United States dealing with persons in Pennsylvania within the federal government's field of activity. The exemption from garnishment, therefore, is not available to the Millers. The proviso exempting wages does not apply to the sovereign because of the interpretation of the legislative enactment in the state which passed the legislation.

■ The appellants make the further point that this garnishment order is invalid in so far as it applies to wages to be earned in the future. The order of the district court calls upon the gar-

3. United States v. Hackett, D.C.W.D.Mo. 1954, 123 F.Supp. 106.

4. Reconstruction Finance Corp. v. Breeding, 10 Cir., 1954, 211 F.2d 385.

5. Leeds Music Corp. v. Jones, D.C.E.D. Pa.1945, 6 F.R.D. 616, affirmed per curiam, 3 Cir., 1946, 159 F.2d 415.

6. Rottenberg v. United States, 2 Cir., 1944, 142 F.2d 151.

7. Moore also concludes that rule 69(a) subjects the United States, as a litigant, to state limitations. 7 Moore, Federal Practice ¶69.04[3], p. 2420 (1955). With this position we agree.

8. The court also pointed out that the state is not bound by the $300 exemption provision. Pa.Stat.Ann. tit. 12, §§ 2161, 2166. Another court has taken the same position. Commonwealth v. Wilcox, 1942, 46 Pa.Dist. & Co.R. 435. This dis-

poses of an alternative contention made by appellants here.

9. Here are some of the principal decisions illustrating the variety of statutory materials to which this theory has been applied: Commonwealth v. Baldwin, 1832, 1 Watts 54 (the period for which a judgment shall continue as a lien); Baker v. Kirschnek, 1935, 317 Pa. 225, 176 A. 489 (a prohibition against the sale of intoxicating liquor); Commonwealth v. Dauphin County, 1939, 335 Pa. 177, 6 A. 2d 870 (a municipal property tax); Culver v. Commonwealth, 1944, 348 Pa. 472, 35 A.2d 64 (the payment of interest on an amount awarded in eminent domain proceedings); Hoffman v. City of Pittsburgh, 1950, 365 Pa. 386, 75 A.2d 649 (an acquisition of land by a municipality); Petition of City of Pittsburgh, 1954, 376 Pa. 447, 103 A.2d 721 (the divestiture of liens).

nishee to forward to the office of the United States Attorney "fifteen % of the net wages of said defendant, Paul B. Miller, in installment payments, until the debt, with interest and costs, is fully liquidated."

The appellants' point seems to be well taken. Rule 3103 of the Pennsylvania Rules of Civil Procedure 12 P.S.Pa. Appendix, directs us to look to the relevant statutes to determine what property is subject to attachment. The statute controlling the attachment of debts is cast in terms of "debts due." Pa. Stat.Ann. tit. 12 § 2265. Rule 3106 provides for the attachment upon a garnishment writ of "all property of the defendant subject to attachment execution which is in the possession of the garnishee at the time of service and all such property which comes into his possession thereafter until judgment is entered against him * * *." And judgment is defined in Rule 3101 to include any order requiring the payment of money. What is subject to garnishment in Pennsylvania is that which the garnishee has of the debtor's at the time of the judgment or order.[10] This rule is consistent with that of other jurisdictions.[11]

Why the appellant makes this point is not clear to us. The provision made by the district judge called for withholding of only fifteen per cent of the wages earned. It will be easy enough for successive garnishments to be served which may make the matter of collection much more uncomfortable for the debtor than the present arrangement.

The judgment for the plaintiff bearing date July 19, 1955, will be affirmed except that it is directed that paragraph (b) providing for the application of the garnishment to future amounts is to be deleted.

[10]. The rules specifically contemplate the possibility of subsequent proceedings against property coming into possession of the garnishee after judgment rules 3102, 1276(b), 1277(b). Decisions before the rules indicate clearly that additional proceedings were necessary to reach such property. Corbit Bros. Plumbing & Heating Co. v. Adams, C. P. Berks Co. 1927, 20 Berks 96; Tiers v. Woodruff, C. P. Montg. Co. 1900, 16 Mont. 36.

[11]. See cases compiled in Annotation 1928, 56 A.L.R. 601, 634.