## Federal Levy on State Salaries

HARRY J. RUBIN, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 5, 1958.—On May 13, 1955, the Department of Justice pro-

mulgated a memorandum opinion concerning the Commonwealth's obligation to honor levies made by the Federal Internal Revenue Service upon the salaries of State employes who are delinquent in the payment of their Federal taxes. In that opinion we advised all department heads of a uniform procedure to be followed thereafter. That procedure called for the service of all levies on the State Treasurer, the deliverance of the employe's salary check (made out with the employe as payee) to the Internal Revenue Service and the obtaining of the employe's endorsement on the check in settlement of the tax delinquency. This procedure was adopted as a matter of comity between the Federal government and the Commonwealth.

For the most part the procedure has proved successful. However, in a small number of cases the delinquent taxpayer-employe has refused to endorse the salary check. In these cases the Internal Revenue Service has returned the checks to the Treasury Department and requested that new checks be issued directly to the service in satisfaction of the employe's obligation. You have asked our advice as to what course of action you should follow in such cases.

Levies for delinquent taxes are made by the Internal Revenue Service under section 6331 (a) of the Internal Revenue Code of 1954, 26 U. S. C. §6332 (a). A person holding property subject to levy is required by section 6332 (a) of the code to surrender it to the service. That such property is a debt owed to the delinquent taxpayer by the person levied upon rather than property held by the delinquent taxpayer himself involves no different conclusion even where the debt arises because of wages due the taxpayer.[1] Finally,

---

[1] See United States v. Miller, 229 F. 2d 839 (3rd Cir., 1956); Dole v. City of Philadelphia, 337 Pa. 375, 11 A. 2d 163 (1940).

the transfer of the property (physically or by payment of the debt) to the government pursuant to the levy is a complete defense to the person levied upon if he is later sued by the delinquent taxpayer or some third party.[2]

In Formal Opinion No. 669, Federal Garnishment of State Debts, 7 D. & C. 2d 744, promulgated on August 27, 1956, this office ruled that the Commonwealth is not a "person" subject to levy under section 6332(a) of the code. That opinion dealt solely with the liability of the Commonwealth to honor levies made by the Federal government upon accounts payable by the Commonwealth to vendors and upon refunds due to State taxpayers and did not involve a levy upon salary due a State employe. However, the conclusion reached in that opinion is equally applicable to a salary case.

Thus viewing the present policy of the Commonwealth in cooperating with the Federal government as a matter of comity, is there any difference in the Commonwealth's position from that of an individual who pays a debt to the Federal government pursuant to levy? We think not. The principle noted in the Eiland case, supra, simply notes that the effect of a levy is to transfer the debt to the Federal government, and this principle is equally as applicable when the State is levied upon even though the State need not honor the levy. If it chooses to pay the money to the Federal government pursuant to a valid levy, it is exonerated from any further liability to a vendor, taxpayer or employe, whichever the case may be.

In order that payment to the Federal government may be effectuated in accordance with sections 307 and 1501 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §§307 and 1501, we advise you that the following procedure should be followed:

---

[2] United States v. Eiland, 223 F. 2d 118 (4th Cir., 1955).

1. The procedure outlined in our opinion of May 13, 1955, will continue to govern the initial steps to be pursued.

2. If collection attempts are unsuccessful, the Internal Revenue Service should notify the State Treasurer, returning the check to him.

3. The State Treasurer will request the department, board or commission comptroller involved to prepare a new requisition for presentation to the Auditor General.

4. The Auditor General will issue his warrant for payment to the State Treasurer who will thereupon issue a check to the Internal Revenue Service.

In the event that the amount of the check is in excess of the amount of tax due, two checks shall be requisitioned, one check payable to the Internal Revenue Service for the amount owed it and one check payable to the vendor, taxpayer or employe for the remainder.