## Lake Meade Municipal Authority v. Peron

*John J. Buchy, Jr.*, for plaintiff.
*Propria persona*, for defendant.

SPICER, *P.J.*, October 4, 1979—This case comes before the court on plaintiff's exceptions to the schedule of distribution prepared by the Sheriff of Adams County. It is plaintiff's position that the sheriff incorrectly allowed defendant an exemption of $300 in an action involving a municipal claim.

Defendant owned a lot in the Lake Meade development in Adams County. The lot was sold at sheriff's sale on an execution issued on plaintiff's claim. Although the claim was filed on the basis of improvements made to the lot in question in the amount of $1,115.45, the proceeds of sale amounted unfortunately only to $775.68. From this amount the sheriff has proposed to distribute $300 to the owner of the lot.

42 Pa.C.S.A. §8123 has changed some of the law with respect to debtor's exemptions. The amount, $300, is unchanged but wording of the section has made some significant changes in the law. For example, the provisions of the Act of April 9, 1949, P.L. 533, 12 P.S. §2161, now repealed, requiring that the execution arise out of a contract have been deleted. Therefore, a considerable number of cases interpreting the provisions of the repealed section

are no longer relevant. See for example Fell v. Johnston, 154 Pa. Superior Ct. 470, 36 A. 2d 227 (1944).

Despite the change in the law, plaintiff asserts that defendant is not entitled to the exemption. Plaintiff argues that since it is a municipal authority, it is a creature or agency of the state: Whitemarsh Township Authority v. Elwert, 413 Pa. 329, 196 A. 2d 843 (1964). Next, plaintiff calls to the cou.t's attention that various cases have felt that a debtor's exemption cannot be claimed from proceeds of an execution sale which ordinarily would be paid the Commonwealth: Com. v. Wilcox, 46 D. & C. 435 (1942); Blum's Estate No. 2, 38 D. & C. 594 (1940). Since it is an agency of the Commonwealth, plaintiff argues that it is entitled to the same treatment as the Commonwealth.

The holdings in Wilcox and Blum's Estate. No. 2, however, have been placed somewhat in doubt by the enactment of 42 Pa.C.S.A. §8123(b). That subsection specifically lists the exceptions applying to the exemption. Claims of the Commonwealth are not listed. Further, the prior statute was strictly construed as being in derogation of the common law: Yoder's Estate, 341 Pa. 81, 19 A. 2d 139 (1941). This doctrine of construction no longer applies: 1 Pa.C.S.A. §1928(a). Instead, the provisions of 42 Pa.C.S.A. §8123 are to be liberally construed to effect their objects and to promote justice: 1 Pa.C.S.A. §1928(c).

It is doubtful that the sovereignty accorded the Commonwealth under decisions such as Wilcox and Blum's Estate. No. 2 is a relevant consideration at the present time: Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A. 2d 709 (1978) (the court abolished the doctrine of sovereign immunity). This decision makes ques-

tionable the doctrine that in order for the Commonwealth to be governed by a statute it must be specifically mentioned. Even if the Commonwealth were to be accorded the sovereignty mentioned in some cases, courts have long made distinctions between the Commonwealth and agencies or creatures of the Commonwealth. For example, the Supreme Court abolished governmental immunity five years prior to the time that it abolished sovereign immunity: Ayala v. Philadelphia Board of Education, 453 Pa. 584, 305 A. 2d 877 (1973).

Accordingly, we rule that defendant is not prevented from obtaining the exemption merely because a municipal authority is the plaintiff in the execution.

Plaintiff's next contention is that defendant is not entitled to exemption because the claim is in rem. Cases under prior law not only required the execution to have arisen out of a contract but also that there be personal liability on the part of the defendant: Eberhart's Appeal, 39 Pa. 509 (1861); Dollar Savings & Loan v. Sigler, 74 D. & C. 2d 192, 208 (1976).

The opinion in Dollar Savings & Loan, supra, is interesting. In a very scholarly treatise the provisions of 12 P.S. §2161 are discussed as they applied to mortgages. The case held that since a mortgage foreclosure could not impose personal liability the exemption could be asserted only in a deficiency judgment proceeding. The court cited numerous authorities for this holding.

Some may find this holding to be rather unreasonable. To say that an exemption statute should be liberally construed, is based upon public policy and cannot be waived: Mayhugh v. Coon, 460 Pa. 128, 331 A. 2d 452 (1975); 42 Pa.C.S.A. §8122; and then to say that a debtor may only assert its provisions

after all of his property has been sold, requires a certain amount of mental agility which many do not possess. Yet cases are numerous holding this and the legislature has apparently seen fit to continue this approach. The present statute speaks in terms of a "judgment debtor." Although the section does not define that term, "debtor" has been defined in 1 Pa.C.S.A. §1991 as one who owes to another the performance of an obligation. In a truly in rem proceeding a defendant can never be said to be a judgment debtor.

It would therefore seem to this court that if an action is truly in rem, the legislature has not intended to change the prior law making unavailable the exemption. However, if there is a possibility of personal liability, such as might exist in a mortgage foreclosure, the interpretation might be entirely different because of the liberality with which the present law is to be interpreted.

We need not decide this issue, however, since it is not necessary for our decision. This action was commenced under the provisions of the Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §7101, and is purely an in rem proceeding. Plaintiff could have filed an action in assumpsit under 53 P.S. §7251 but chose not to do so. If an action had been filed in assumpsit, defendant's personal liability would have been an issue. In foregoing the possibility of collecting from defendant personally, plaintiff has availed itself of the priorities set forth in 53 P.S. §7106. In that section, it is provided that municipal claims shall have "priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien, or estate with which the said property may be charged, or for which it may become liable, save and except only the costs of the

sale and of the writ upon which it is made, and the taxes imposed or assessed upon said property."

Although the wording does not specifically contain the word exemption, it is clear enough that the legislature has provided that a municipal claim shall have priority over an exemption in the proceeds of a judicial sale. There is nothing in section 8123 which would abrogate or contradict this meaning. Therefore, it is our holding that defendant is not a debtor as defined in the law, supra, because the proceedings are in rem and that he is not entitled to the exemption.

Therefore, the attached order shall be entered.

### ORDER

And now, October 4, 1979, the exceptions of plaintiff to the sheriff's schedule of distribution are sustained. The sheriff is directed to distribute the $300 to plaintiff in accordance with its claim.