**UNITED STATES of America, Plaintiff,**

v.

**Morris KURTZ, Defendant,**

**and**

**Allstate-Cornell Uniform, Inc., Garnishee.**

**Civ. A. No. 76–313.**

United States District Court, E. D. Pennsylvania.

April 6, 1982.

James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Albert J. Olizi, Jr., Sidkoff, Pincus, Greenberg & Green, Philadelphia, Pa., for defendant.

Wilbur Greenberg, Sidkoff, Pincus, Greenberg & Green, Philadelphia, Pa., for garnishee.

## ORDER

EDWARD R. BECKER, Circuit Judge, Sitting by Designation.

AND NOW, this 6th day of April 1982, upon consideration of garnishee Allstate-Cornell Uniform's motion to have the judgment set aside and of plaintiff United States' response thereto, it is hereby ORDERED that garnishee's motion is DENIED.*

---

* Garnishee seeks to have the judgment set aside on two grounds. First, garnishee asserts that wages are not subject to garnishment under the laws of Pennsylvania, see 42 Pa.Cons.Stat.Ann. § 8127 (Purdon Supp.1980). The Third Circuit has determined that the Pennsylvania statute barring garnishment of wages is not applicable to the United States because it is not applicable to the Commonwealth of Pennsylvania. United States v. Miller, 229 F.2d 839, 841 (3d Cir. 1956) (construing former 42 Pa.Stat.Ann. § 886, recodified at 42 Pa.Cons.Stat.Ann. § 8127 (Purdon Supp.1980)). The passage of the Consumer Credit Protection Act of 1968 tit. III, 15 U.S.C. §§ 1671–1677 (1976 & Supp. IV 1980) does not affect the Miller holding, except that both the United States and the Commonwealth of Pennsylvania are subject to the limitations on garnishment of wages set out in the Act, see 15 U.S.C. § 1673 (1976 & Supp. IV 1980).

Second, garnishee asserts that the wages that are the subject of the judgment had already been paid to defendant Kurtz at the time the judgment was entered. Pa.R.Civ.P. 3111(b), which prescribes the procedure for garnishment, see Fed.R.Civ.P. 69, provides that service of the writ of execution attached the wages in the possession of the garnishee and wages that came due after service of the writ but before entry of the judgment.