UNITED STATES of America

v.

Donald G. CHIOLO, Defendant,

and

Harrisburg Decorating Co., Garnishee.

Civ. A. No. 73–359.

United States District Court,
M.D. Pennsylvania.

March 3, 1983.

S. John Cottone by Julius Altman, Asst. U.S. Atty., Scranton, Pa., for plaintiff.

John W. Purcell, Jr., Harrisburg, Pa., for Donald Chiolo.

RAMBO, District Judge.

## MEMORANDUM

## I. PROCEDURAL HISTORY

On July 17, 1972, the United States of America commenced an action against Defendant Donald G. Chiolo, pursuant to Veterans Administration Regulation, 28 C.F.R. § 36.432(e), *authorized by* 38 U.S.C. § 210(c), to recover monies paid by the Veterans Administration on a guaranteed loan under Title III of the Servicemen's Readjustment Act of 1944, Section 500, as amended, 38 U.S.C. § 1803. On August 14, 1973, a default judgment was entered against Defendant, in the amount of $1,935.10 plus costs and interest at 4% from July 1, 1973 until payment. Plaintiff alleges that numerous attempts were made to establish a voluntary payment of the judgment, to no avail. Consequently, on January 14, 1983, the United States commenced a wage attachment proceeding naming Harrisburg Decorating Co., Defendant's employer, as garnishee.

Defendant Chiolo moved to quash the writ of execution on February 7, 1983, on the grounds that wage garnishment is prohibited by Pennsylvania law and procedure, specifically 42 Pa.C.S.A. § 8127(a). Rule .69(a) of the Federal Rules of Civil Procedure provides that the procedure on execution, and in proceedings supplementary thereto, shall be in accordance with the procedure of the state in which the district court is held. On February 9, 1983, therefore, this court directed Defendant Chiolo to file a claim for exemption in accordance with Pennsylvania Rule of Civil Procedure 3123.1(a), and ordered the United States to respond within three days of receipt of notice of the claim. A hearing was held on the matter on February 24, 1983, pursuant to Pennsylvania Rule of Civil Procedure 3123.1(b), at which time legal argument was

heard on the question of Defendant's right to an exemption under Pennsylvania law. Having considered the briefs and arguments of counsel, we will deny Defendant's claim for exemption and his motion to quash the writ of execution, for the reasons set forth below.

## II. DISCUSSION

■ As previously stated, execution on a judgment obtained in a federal court is governed by the procedure of the state in which the district court is held. Fed.R. Civ.P. 69(a). Defendant claims that the garnishment sought by Plaintiff is in violation of 42 Pa.C.S.A. § 8127(a), which states:

The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding for support or for board for four weeks or less.

Plaintiff responds, however, that this exemption does not apply in execution suits by the Commonwealth, *Commonwealth v. Wilcox,* 46 Pa. D. & C. 435 (Dauphin Co. 1942); *In re Blum's Estate* (No. 3), 38 Pa. D. & C. 598 (York Co.1940), and that therefore it also does not operate as against the United States. *United States v. Miller,* 229 F.2d 839 (3d Cir.1956). Defendant counters that the validity of the *Miller* case, and the Pennsylvania decisions on which it relies, has been called into question by *Blake v. Pennsylvania Department of Public Welfare,* 63 Pa.Commw.Ct. 491, 439 A.2d 1262 (1981).[1] This court must resolve the issue as we think it would be decided by the Pennsylvania Supreme Court, after giving proper regard to relevant rulings of other courts of the state. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

*United States v. Miller* rested upon the principle that "legislative enactments presumptively affect only private rights and do not embrace the rights of a sovereign unless the sovereign is explicitly designated or clearly intended." *Miller,* 229 F.2d at 841. The court noted that this rule had been applied by the Pennsylvania courts to a variety of statutory enactments, *see, e.g., Petition of City of Pittsburgh,* 376 Pa. 447, 103 A.2d 721 (1954) (divestiture of liens); *Hoffman v. City of Pittsburgh,* 365 Pa. 386, 75 A.2d 649 (1950) (acquisition of land by a municipality), in addition to its application to the wage exemption statute in *In re Blum's Estate. Miller,* 229 F.2d at 841 & n. 9. In *Blake v. Pennsylvania Department of Public Welfare,* however, the Commonwealth Court of Pennsylvania enforced the exemption for workmen's compensation benefits, 42 Pa.C.S.A. § 8124(c)(2), against the Pennsylvania Department of Public Welfare. In so doing, the BLAKE court stated, "we do not believe the Commonwealth must be specifically mentioned in the statute for the exemption to apply against it," BLAKE, 439 A.2d at 1264, *citing Lake Meade Municipal Authority v. Peron,* 12 Pa. D. & C.3d 181 (Adams Co.1979),[2] because "the concept of strict construction of exemption laws, arising as it did from the rule that statutes in derogation of the common law are to be strictly construed ... has been modified by more recent rules regarding the construction of statutes. 1 Pa.C.S.A. § 1928(a)"[3] *Blake,* 439 A.2d at 1264 (citation omitted).

Nevertheless, we think that the maxim enunciated in *Miller* survived the change in statutory construction alluded to in *Blake.* As recently as 1981, in *Pennsylvania De-*

1. *Miller* was recently applied, but without analysis, in *United States v. Kurtz,* 547 F.Supp. 17 (E.D.Pa.1982).

Defendant also cites *Lake Meade Municipal Authority v. Peron,* 12 Pa. D. & C.3d 181 (Adams Co.1979). We note that the language he relies upon in that case is merely dicta.

2. *See* note 1 *supra.*

3. 1 Pa.C.S.A. § 1928(a) states, as follows:

The rule that statutes in derogation of the common law are to be strictly construed, shall have no application to the statutes of this Commonwealth enacted finally after September 1, 1937.

Subsection (c) further provides that all provisions of a statute, other than those enumerated in (b), "shall be *liberally construed* to effect their objects and to promote justice." 1 Pa.C. S.A. § 1928(c) (emphasis added).

*partment of Transportation v. J.W. Bishop & Co. Inc.,* the Pennsylvania Supreme Court announced:

> This Court has always adhered to the "old and well known rule that statutes which in general terms divest pre-existing rights or privileges do not bind the sovereign without express words to that effect."

497 Pa. 58, 61–62, 439 A.2d 101, 102 (1981) (footnote omitted).[4]

■ In *Bishop,* the Pennsylvania Supreme Court upheld the hoary doctrine of *nullum tempus occurrit regi,*[5] under which statutes of limitations do not apply to the state unless the statute specifically so provides. Significantly, the rule that legislative enactments do not affect rights of the sovereign was perceived in *Blum's Estate* to involve the same reasoning as the doctrine of *nullum tempus. In re Blum's Estate* (No. 3), 38 Pa. D. & C. 598, 602 (York Co.1940). That underlying rationale was expounded upon in Bishop, and persuades this court that the Pennsylvania Supreme Court would not apply 42 Pa.C.S.A. § 8127(a) against the Commonwealth.

■ *Nullum tempus* serves to vindicate public rights and protect public property, *Bishop,* 497 Pa. at 64–65 & 66, 439 A.2d 101. Similarly, at common law, the sovereign in its capacity of *parens patriae,* or universal trustee, was entitled to have its obligation satisfied before any other.[6] *Blum's Estates,* 38 Pa. D. & C. at 601. In the instant case, therefore, the public interest in recovering monies loaned from the public coffers dictates that the wage exemption should not operate against the state, and under *Miller,* against the United States.

Furthermore, the wage exemption statute in question here can be distinguished from the statute exempting workmen's compensation benefits from execution considered in *Blake. Blake* drew upon the policies enunciated by the Pennsylvania courts in the wake of *Philpott v. Essex County Welfare Board,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). *Philpott* interpreted Section 207 of the Social Security Act, 42 U.S.C. § 407, to prohibit state welfare agencies from attaching or utilizing other legal process to reach supplemental security income benefits (SSI) for reimbursement of state public assistance payments. Applying *Philpott,* the Pennsylvania Supreme Court made it clear that it viewed the SSI payments as "protected funds." Legal process could still reach *other sources* of income. *Tunnicliff v. Commonwealth Department of Public Welfare,* 483 Pa. 275, 281–82, 396 A.2d 1168, 1171 (1978). *Congleton v. Department of Public Welfare,* 48 Pa.Commw.Ct. 615, 619, 409 A.2d 1382, 1384 (1980), and *Blake,* 439 A.2d at 1264, analogized workmen's compensation benefits under Pennsylvania law to supplemental social security income under the Social Security Act. We do not think that this analogy should be extended to wages, which are not "protected funds," particularly when the limitations of 15 U.S.C. § 1673 apply to prevent the garnishment from becoming unduly oppressive. *See United States v. Kurtz,* 547 F.Supp. 17, 18 (E.D.Pa.1982).

In conclusion, upon examining relevant lower court cases and utilizing as guideposts previous indications of the highest court's thinking in the area, *see Keystone Aeronau-*

---

**4.** Among the precedents cited as examples was a case referred to in the *Miller* decision. In addition, the Pennsylvania Supreme Court pointed to another rule of statutory construction: under 1 Pa.C.S.A. § 1922(5) the legislature is presumed to favor the public interest over private interests. *See Bishop,* 497 Pa. at 62, 439 A.2d 101.

**5.** "Time does not run against the King."

**6.** Defendant argues that construing the statute to exclude the Commonwealth flies in the face of the recent judicial abrogation of sovereign

immunity in *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). This contention was also raised in *Bishop* and rejected. The Pennsylvania Supreme Court distinguished sovereign immunity as an unwarranted protection of the state when it is a defendant and reputed wrongdoer, whereas *nullum tempus* operates when the state is a plaintiff acting on behalf of the public interest. *Bishop,* 497 Pa. 64–65, 439 A.2d 101. Manifestly, the government in this case occupies the latter position.

*tics Corp. v. R.J. Enstrom Corp.*, 499 F.2d 146, 147 (3d Cir.1974), we find that the Pennsylvania Supreme Court would exclude the Commonwealth from the operation of 42 Pa.C.S.A. § 8127(a). Accordingly, Defendant is not entitled to a claim of exemption against the United States under that statute. We will deny the motion to quash the writ of execution.

An appropriate order will be entered.