UNITED STATES of America

v.

William G. KING, Defendant,

and

City of Philadelphia, Garnishee.

Civ. A. No. 79–1866.

United States District Court,
E.D. Pennsylvania.

April 6, 1983.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Norman G. Prajzner, Asst. City Sol., Philadelphia, Pa., for defendant.

CLIFFORD SCOTT GREEN, District Judge.

### MEMORANDUM—ORDER

In 1979, plaintiff brought suit against defendant William King to recover an overpayment of Veterans Administration Educational Assistance benefits. Default judgment was entered against defendant King, but to date defendant has not satisfied the judgment. Thus, on April 8, 1982 plaintiff instituted garnishment proceedings against King, naming King's employer, the City of Philadelphia ("City"), garnishee.

Now before the court is the City's motion to dismiss the plaintiff's writ of execution. At issue is whether the City is immune from garnishment proceedings under the doctrine of *custodia legis.* The parties agree that Pennsylvania law governs the disposition of the motion.[1] Having considered defendant's motion and plaintiff's reply thereto, I conclude that, under Pennsylvania law, the doctrine of *custodia legis* does not immunize the City from being a garnishee in the instant case.

■ The doctrine of *custodia legis* grants the City, as a political subdivision, partial immunity from garnishment proceedings. This immunity is not statutory; it derives from the common law of Pennsylvania. *See Bulkley v. Eckert,* 3 Pa. 368 (1846). The immunity is not absolute, and whether it applies must be determined on a case by case basis. *Weicht v. Automobile Banking Corp.,* 354 Pa. 433, 47 A.2d 705 (1946). Underlying the doctrine is a notion that government entities should not be unwillingly drawn into private disputes between individuals. *Buchholz v. Cam,* 288 Pa.Super. 33, 430 A.2d 1199, 1200 (Pa.Super.1981).

■ The instant case does not involve "disputes between the *individuals* to whom the money is owed and those claiming a right to the same funds by garnishment" which might result in attachment claims by a third party, and this case does not involve a "fund" subject to a multitude of claims.[2] Rather, a sum certain is owed solely to the federal government pursuant to a default judgment which was unopposed when entered. Nor is this a case like *Buchholz* in which a plaintiff seeks to attach "an indebtedness of an unascertained amount which was not due and payable at the time of the service of the writ of execution." *Id.* Here, defendant King is a salaried employee of the City. His wages are easily ascertainable; they have been allocated as payment for services rendered by King to the City on a regular basis.[3] Thus, the annoyance to the garnishee which motivated courts to exempt the City from acting as a garnishee in previous cases appears to be absent from the instant case.

■ Unlike private creditors, the federal government may garnish the wages of its judgment debtors under Pennsylvania law. *United States v. Miller,* 229 F.2d 839, 841 (3d Cir.1956). Moreover, Pennsylvania courts have permitted garnishments such as that involved here. *See, e.g., Weicht v. Automobile Banking Corp.,* 354 Pa. 433, 47 A.2d 705 (1946) (purpose of seizure of debtor's automobile by sheriff had been achieved; thus, second attachment would cause no inconvenience); *Wheatcroft v. Smith,* 239 Pa.Super. 27, 362 A.2d 416 (1976) (garnishment of surplus funds to be distributed to debtor as a result of tax sale does not inconvenience government); *PHEAA v. Lewis,* No. 5326 S 1980 (Com.Pl.Ct. Dauphin Cty. Oct. 5, 1982) (public benefit of repayment of student loans guaranteed by government counterbalances alleged inconvenience of complying with a writ of execution). Furthermore, the City has cited no case in which a Pennsylvania court found

---

**1.** Fed.R.Civ.P. 69(a) provides, in pertinent part, "[T]he procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . . ."

**2.** Both of these scenarios concerned the court in *Buchholz,* 430 A.2d at 1200.

**3.** Indeed, the amount which the federal government can garnish from each of the debtor's pay checks is ascertainable. It is limited to 25% of the debtor's net disposable earnings. Consumer Credit Protection Act, 15 U.S.C. §§ 1671–1677 (1976 & Supp. IV 1980).

the inconvenience to a government garnishee outweighed the needs of a government garnishor.

Having considered the facts and case law, I find the doctrine of *custodia legis* inapposite to the case *sub judice*. Accordingly, this 6th day of April, 1983, IT IS ORDERED that the motion of the City of Philadelphia to dismiss the plaintiff's writ of execution is DENIED. The City is ORDERED to comply with the writ of execution previously issued in this action.