**CHESTER UPLAND SCHOOL DISTRICT and the City of Chester, Appellants,**

v.

**John MATHEWS and Boeing Helicopters.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1996.
Decided Dec. 4, 1997.

David C. Corujo, Media, for appellants.

Christopher R. Mattox, Media, for appellee, John Mathews.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Chester Upland School District and the City of Chester (collectively referred to as Chester) appeal an order of the Court of Common Pleas of Delaware County, which denied their petition for entry of judgment.

The appeal presents the issue of whether a municipal creditor may garnish the wages of a property owner for delinquent real estates taxes which have been reduced to judgment. The issue specifically focuses on the conflict—or at least tension-between Section 8127 of the Judicial Code (Code)[1] and Section 21(b) of the Local Tax Collection Law[2] (Tax Law).

The Judicial Code provides, in relevant part, as follows:

**§ 8127 Personal earnings exempt from process**

**(a) General rule and exceptions.**—The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:

(1) Under 23 Pa.C.S. Pt. IV (relating to divorce).

(2) For support.

(3) For board for four weeks or less.

(4) Under the Act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act [PHEAA].

On the other hand, Section 21(b) of the Tax Law provides:

(b) In addition to all other remedies provided by this act, each taxing district shall have the power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit or **other appropriate remedy** .... Upon each such judgment, execution regulating the use of garnishment by landlords.

---

1. 42 Pa.C.S. § 8127. After the final order in this matter was entered, Section 8127 of the Code was substantially amended by Section 1 of the Act of February 23, 1996, P.L. 13. The 1996 amendment allows a judgment creditor/landlord to use garnishment to collect monies owed on a residential lease, and provides an additional sec-

2. Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. § 5511.21(b).

tion may be issued **without any stay or benefit of any exemption law.**

72 P.S. § 5511.21(b) (emphasis added.)

The facts may be summarized as follows. In September of 1989, Chester filed a complaint in assumpsit against John Mathews seeking to recover unpaid real estate taxes. After conducting a bench trial, the Common Pleas Court entered judgment in favor of Chester and against Mathews for delinquent taxes in an amount in excess of $30,000. That decision was affirmed by this Court in 1992. *Chester Upland School District v. Thankamma John and John Mathews,* 149 Pa.Cmwlth. 646, 612 A.2d 1105 (Pa.Cmwlth., No. 2213 C.D.1991, filed July 15, 1992).

█ Mathews, however, did not pay the judgment and, on June 18, 1993, Chester filed a "Praecipe for Writ of Execution" in accord with Pa. R.C.P. No. 3103, to garnish Mathews' wages[3] earned while working for his employer, the Boeing Helicopter Co. Boeing, as garnishee, filed preliminary objections to the writ of execution asserting that, among other things, the writ of execution should be dismissed because wages in the hands of an employer are exempt from attachment under Section 8127 of the Judicial Code. Boeing asserted that none of the four exceptions in Section 8127 of the Code applied to Chester's writ of execution. On February 4, 1994, Common Pleas overruled Boeing's preliminary objections, thereby necessarily making the determination that Boeing's objection to the garnishment proceeding was not legally sound; however, no opinion was filed in support of that order.

On April 5, 1994, Chester filed a "Petition for Entry of Judgment against Mathews & Boeing" which requested that Common Pleas issue a rule to show cause why Mathews' wages earned at Boeing should not be attached in the amount of forty percent (40%) each pay period.[4] Mathews was required to file an answer to this motion within twenty days, but no answer was filed within that time period. Apparently viewing Mathews'

failure to file an answer as a default, on May 4, 1994, Common Pleas entered an order, at 8:25 a.m., attaching 40% of Mathews' wages. However, later that same day, at 9:14 a.m., Mathews did file his answer to Chester's petition, raising in new matter the affirmative defense of Section 8127 of the Code. Thereafter, the parties stipulated that they had agreed to grant Mathews an extension of time for filing an answer until May 6, 1994, and, for that reason, the May 4, 1994 attachment order had to be rescinded. Accordingly, on May 22, 1995, Common Pleas rescinded the attachment order.

Common Pleas heard oral argument on the petition and answer on June 12, 1995. The Court, thereafter, denied Chester's petition for entry of judgment against Boeing as garnishee. Common Pleas recognized that municipalities have remedies to collect unpaid taxes under Section 21(b) of the Tax Law, but concluded, however, that Section 21(b) of the Tax Law did not provide for *garnishment* of a taxpayer's wages in the hands of an employer to collect a judgment for unpaid taxes. In other words, garnishment was not within the statutory term "or other appropriate remedy." Common Pleas reasoned that Section 8127 of the Code, with the exception of certain actions described in the statute, negated garnishment as a remedy for the collection of debts generally, except for those few exceptions specifically enumerated, and, therefore, held that Section 8127 of the Judicial Code precluded the garnishment of Mathews' wages. This appeal followed.

On appeal, Chester contends that Common Pleas erred in denying its petition for entry of judgment against the garnishee Boeing Helicopter Co. because (1) Common Pleas' decision was contrary to the Court's prior decision overruling Boeing's preliminary objections and disregarded the doctrine of finality, and (2) Common Pleas erred in holding that Section 8127 of the Judicial Code vitiated the availability of wage attachment

---

3. Garnishment is a remedy which allows a creditor to collect a debt from debtor's property in the hands of a third party. *Garden State Standardbred Sales Co. v. Seese,* 417 Pa. Superior Ct. 15, 611 A.2d 1239 (1992).

4. Common Pleas never issued a rule to show cause as requested in Chester's petition for entry of judgment.

as a remedy under Section 21(b) the Tax Law.

### The Doctrine of Finality

Chester first contends that Common Pleas erred in denying its petition for garnishment against Boeing because its decision was contrary to a prior order issued by a different trial judge which had overruled Boeing's preliminary objections. Chester argues, not without some logic to support its view, that in overruling Boeing's preliminary objection, the Court had to necessarily conclude that the wages of the defendant Mathews *could* be attached.

■ Generally, a trial judge should not overrule a prior decision by another judge of the same court in the same case. *Rosenfield v. Pennsylvania Automobile Insurance Plan*, 431 Pa. Superior Ct. 383, 636 A.2d 1138 (1994). This rule is designed to ensure a certain degree of pretrial finality, thereby improving the administration of justice by maintaining judicial efficiency and economy. *Salerno v. Philadelphia Newspapers Inc.*, 377 Pa. Superior Ct. 83, 546 A.2d 1168 (1988).

■ Our review of the record, however, reveals that the preliminary objections were overruled by Common Pleas without filing an opinion, and where a trial judge overrules preliminary objections and it is impossible to determine the basis upon which that decision was made because no supporting opinion is filed, a subsequent decision to the contrary by another judge of the same Common Pleas Court is not improper. *Farber v. Engle*, 106 Pa.Cmwlth. 173, 525 A.2d 864 (1987). Moreover, the issue presented to Common Pleas on preliminary objections and the issues presented on the petition for entry of judgment were not precisely the same. On preliminary objections by Boeing, the only issue presented was whether Mathews' wages were exempt from attachment under Section 8127 of the Judicial Code. However, in his answer under new matter, Mathews not only argued that his wages were exempt under Section 8127, but further presented the questions of

whether Chester even had the underlying requisite authority under Section 21(b) of the Tax Law *to attach his wages at the outset* and pointed out the facial conflict between Section 8127 of the Judicial Code and Section 21 of the Tax Law. In the absence of a trial court opinion we are unable to determine whether Common Pleas considered the above questions when issuing its ruling on the preliminary objections. Therefore, we hold that Common Pleas was not precluded from subsequently rendering a contrary decision on the ultimate issue of whether Mathews' wages were exempt from process under Section 8127 of the Judicial Code. *Id.*

### The Conflict Between Section 8127 of the Judicial Code and Section 21(b) of the Tax Law

■ It seems we are now faced with an issue of first impression. Chester contends that Section 21(b) of the Local Tax Collection Law, which permits execution of judgments for taxes **"without any stay or benefit of any exemption law,"** must prevail over the conflicting general public policy against the garnishment of wages contained in Section 8127 of the Judicial Code. Which law is paramount?

Section 8127 of the Code exempts wages in the possession of an employer from garnishment, and, of critical importance, limits the availability of garnishment to only four specific actions or proceedings: divorce matters; support; board of four weeks or less; and PHEAA education loans.[5] *Ankrom v. Ankrom*, 366 Pa. Superior Ct. 461, 531 A.2d 509 (1987). On the other hand, Section 21(b) of the Tax Law provides that taxing districts may collect delinquent taxes by filing a lawsuit against a taxpayer in "assumpsit or other appropriate remedy," and, once a judgment is obtained, the taxpayer is denied the "benefit of any exemption law." Considering that Section 8127 of the Code is an exemption law that does not permit the use of wage attachment as a method to enforce a judgment, and that Section 21(b) of the Tax Law

---

5. The current version of Section 8127 of the Code, as amended by Section 1 of the Act of February 23, 1996, P.L. 13, now includes five types of debts that may be collected by garnishment of wages. The added exemption, which deals with the garnishment for back rent, is of no consequence in this appeal.

denies a taxpayer/debtor the defense of any such exemption, we must conclude that an irreconcilable conflict exists between these two statutes. For the reasons that follow, we resolve the conflict in favor of Section 8127 and the protection from wage attachment.

Section 1936 of the Statutory Construction Act of 1972(SCA), 1 Pa.C.S. § 1936, provides that: "Whenever ·the provisions. of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail."

■ Although Pennsylvania has had statutes limiting the use of the remedy of wage attachment since 1810, Section 8127 of the Code was enacted by the General Assembly in 1976. And, Section 21(b) of the Tax Law was enacted in 1945, thirty-one years before Section 8127 was made law. Hence, by applying Section 1936 of the SCA, Section 8127 prevails over Section 21(b) of the Tax Law.[6]

■ Moreover, and of much greater significance, is the language which allows the Commonwealth to garnish wages to satisfy PHEAA loans, making that the *only* specific exception to wage attachment available to a government agency. Because such an exception in a statute is construed to exclude all others, a government agency may not garnish wages to satisfy a judgment in any other type of proceeding other than that one instance to recover a PHEAA loan. Section 1924 of the SCA, 1 Pa.C.S. § 1924. Plainly, if the General Assembly had desired to extend the authority to attach wages to the

Commonwealth or local government units to satisfy tax debts, it could have expressly provided for such authority in Section 8127 of the Code. And, of course, it did not.

Further, because the attachment of wages as a remedy is generally prohibited in Pennsylvania, with only the few exceptions noted, it is obvious that the Legislature views such garnishment as an unusual and extreme remedy. Therefore, in the absence of specific language in Section 21(b) of the Tax Law, because the attachment of an individual's earnings is such an onerous remedy, we will not extend such garnishment to debts for unpaid real estate taxes.

Chester argues, nonetheless, citing as authority *United States v. Miller*, 229 F.2d 839 (3rd Cir.1956), that, because the Legislature did not *expressly* state that it intended Section 8127 of the Judicial Code to apply to the Commonwealth and its political subdivisions, the remedies available to a local agency are not limited by that statute. The *Miller* court held that the federal government could attach a debtor's wages to collect a federal farm loan despite a Pennsylvania statute precluding the attachment of wages.[7] The Federal Third Circuit Court of Appeals in permitting the garnishment reasoned that the Pennsylvania statute did not apply to the United States, because legislative enactments do not embrace the rights of a sovereign unless explicitly designated or intended. However, in *Department of Revenue v. Bookser*, 3 D. & C. 4th 566 (C.P. Allegheny County 1989), we believe the Court of Common Pleas of Allegheny County correctly analyzed

6. Chester argues that, under Section 1933 of the SCA, 1 Pa.C.S. § 1933, Section 21(b) of the Tax Law must be deemed to be a special provision which prevails over the general prohibition of wage attachment found in Section 8127 of the Code. We disagree. Section 1933 of the SCA states that, when a general provision in a statute is in conflict with a special provision in another statute and the two provisions cannot be reconciled, the special provision prevails, unless the general provision is enacted later and was intended by the General Assembly to control. Section 8127 has been classified as a general provision exempting wages from attachment. *Laughlin v. Laughlin*, 525 Pa.. 141, 578 A.2d .922 (1990). But, while Section 21(b) is specific in the sense that it grants taxing districts the power to personally sue a taxpayer to collect taxes and

disallows a taxpayer the benefit of any exemption, it does not specifically give taxing districts the power to attach wages. *Compare, Laughlin* (statute that had a specific provision allowing the attachment of wages prevailed over Section 8127 of the Code). Therefore, because we are not presented in this appeal with a clash between specific and general provisions of irreconcilable statutes, Section 1933 of the SCA is not controlling here.

7. The Act of April 15, 1845, P.L. 459, § 5, 42 P.S. § 886, repealed by the Act of April 28, 1978, provided: "[T]he wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

and disposed of the same argument based upon the same *Miller* authority as is made now by Chester in this case.

In *Bookser,* the Pennsylvania Department of Revenue attempted to attach the wages of Bookser to collect judgments resulting from unpaid sales taxes. Bookser raised Section 8127 of the Judicial Code as an affirmative defense to the garnishment. The Department, relying on *Miller,* took the position that the prohibition against wage attachment did not apply to the Commonwealth or its agencies. The court agreed with Bookser and held that his wages were exempt from attachment. The *Bookser* court first noted that *Miller* was decided in 1956 and observed that the General Assembly amended Section 8127 in 1982,[8] adding the provision which permitted wages to be attached by a government agency *only* in actions to collect PHEAA loans, a state sponsored program administered by a state agency. The court distinguished *Miller,* noting that *Miller* was decided years before the Legislature added PHEAA loans as an exception to the statute generally prohibiting wage attachment. The court reasoned that adding the PHEAA exception to Section 8127 would have been unnecessary if the statute generally did not apply to the Commonwealth. Moreover, relying on *Blake v. Department of Public Welfare,* 63 Pa.Cmwlth. 491, 439 A.2d 1262 (1981), a case holding that a statute[9] exempting workers' compensation benefits from attachment applied to the Commonwealth even in the absence of language binding the sovereign, the *Bookser* court concluded that the Commonwealth need not be specifically mentioned in a statute for an exemption contained therein to apply against it.

**8.** Section 8127 was amended by Section 201 of the Act of December 20, 1982, P.L. 1409.

**9.** Section 8124(c)(2) of the Judicial Code, 42 Pa.C.S. § 8124(c)(2).

**10.** In *Department of Revenue v. Verna,* 27 D. & C. 3rd 428 (C.P. Bucks County 1983), a different common pleas court entered a decision contrary to *Bookser.* In *Verna,* the Department of Revenue garnished Verna's salary, at a rate of 20%, to satisfy a $421,246 sales tax lien. Verna challenged the attachment, arguing that his wages were exempt under Section 8127 of the Judicial Code. The common pleas court, however, held that the Commonwealth's right to utilize garnish-

■ We agree with the logic and reasoning of the trial court in *Bookser*[10], and conclude Section 8127 of the Judicial Code applies to the Commonwealth and its political subdivisions, even though there is no explicit language in the statute indicating that the Legislature intended it to so apply. Further, even if we followed *Miller* and held that the Commonwealth, as the sovereign, was not subject to Section 8127 of the Judicial Code, municipal corporations like Chester, which are not themselves a sovereign but only creations of the Commonwealth, would not be exempt by the statute. *Kline v. Harrisburg,* 362 Pa. 438, 68 A.2d 182 (1949).

Accordingly, Common Pleas' order is affirmed.

### ORDER

**AND NOW,** December 4, 1997, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

ment as a remedy to collect taxes was not affected by Section 8127. Following *Miller,* the court concluded that the rights of the sovereign, the United States and the Commonwealth, cannot be divested by a statute unless the legislature clearly intended that result. Hence, the *Verna* court concluded that, because Section 8127 does not clearly state that the sovereign is bound by the exemption, the Commonwealth could attach Verna's wages.

We agree with the reasoning in *Bookser,* however, adopting it as the better view, and decline to adopt the reasoning in *Verna.*